## PEOPLE  *v.* SAUNDERS

1. CRIMINAL LAW—FAIR TRIAL—PARTICIPATION OF JUDGE—QUESTIONING OF WITNESSES.

    Defendant was not denied a fair trial by the trial court's questions of defendant's alleged accomplices where the questions were designed to clarify evasive and conflicting testimony and ultimately to impart to the jury an accurate understanding of the events in question and reflected neither a partiality to the prosecution nor the court's opinion of the case.

2. BURGLARY—LARCENY—INTENT—INFERENCE.

    The requisite intent on a charge of breaking and entering a building with intent to commit larceny may be reasonably inferred from the nature, time and place of a defendant's acts before and during the breaking and entering (MCLA § 750.110).

Appeal from Wayne, Richard M. Maher, J.   Submitted Division 1 May 8, 1970, at Detroit.   (Docket No. 7,212.)   Decided June 30, 1970.   Leave to appeal denied January 15, 1971.   384 Mich 798.

Leroy Saunders was convicted of breaking and entering with intent to commit larceny.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial § 51.
  Prejudicial effect of trial judge's remarks, during criminal trial, disparaging accused.  34 ALR3d 1313.
[2] 50 Am Jur 2d, Larceny § 35 *et seq.*

pellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Clay,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

PER CURIAM. Defendant Leroy Saunders was tried and convicted by a jury of breaking and entering an office with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). He appeals as of right, alleging 1) that certain questioning of his alleged accomplices by the trial court denied him a fair trial, and 2) that the jury's finding of an unlawful intent is not supported by the evidence. Neither of these allegations is of merit, and we affirm.

It is apparent from a reading of the trial transcript that the court's questions were designed to clarify evasive and conflicting testimony and ultimately to impart to the jury an accurate understanding of the events in question. They reflect neither a partiality to the prosecution nor the court's opinion of the case. See *People* v. *Wilder* (1970), 383 Mich 122; *People* v. *Young* (1961), 364 Mich 554. *People* v. *Moore* (1943), 306 Mich 29. As to the defendant's second allegation, the requisite intent may be reasonably inferred from the nature, time and place of his acts before and during the breaking and entering, and therefore the jury's finding is supported by the evidence. *People* v. *Gollman* (1966), 3 Mich App 463.

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.