PEOPLE v MURPHY

Docket No. 58782. Submitted February 1, 1983, at Lansing.—Decided
      June 7, 1983.

   Defendant, Angerlean Murphy, was convicted by a jury in the
      Washtenaw Circuit Court of carrying a concealed weapon. The
      trial court, William F. Ager, Jr., J., sentenced defendant to one
      year and four months to five years imprisonment. Defendant
      appeals alleging several errors. *Held:*

         1. Any error committed by the trial court in failing to
      instruct the jury in accordance with a subparagraph of a
      criminal jury instruction requested by the defendant was harm-
      less beyond a reasonable doubt. The instructions given were not
      so offensive that they could never be deemed harmless. In light
      of the evidence, absence of the instruction would not have
      raised a reasonable doubt in the mind of a single juror.

         2. Any error occurring from the prosecutor's indirect infer-
      ence that defendant had exercised her right to remain silent
      resulting from the prosecutor's reference to the fact that only
      the defendant would know the whereabouts of the gun was
      harmless beyond a reasonable doubt.

         3. No error occurred when a local court rule was invoked to
      provide for the reassignment of the defendant's case from one
      judge to another.

         4. The trial court did not err in failing to instruct on the
      lesser misdemeanor offense of reckless or wanton use of a
      firearm without due caution or circumspection. The rule appli-
      cable to instructions given prior to February, 1983, is that a .
      court may not instruct on a lesser included offense for which
      the maximum incarceration period is one year or less when the

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 778, 779, 798.
[3] 46 Am Jur 2d, Judges § 261.
     75 Am Jur 2d, Trial § 48.
     Substitution of judge in criminal case. 83 ALR2d 1032.
[4] 46 Am Jur 2d, Judges § 166.
[5] 75 Am Jur 2d, Trial § 876.

charged offense is punishable by more than two years incarceration. The requested instruction falls within this rule.

Affirmed.

1. CRIMINAL LAW — APPEAL — PRESERVING QUESTION — JURY INSTRUCTIONS.

A defendant's failure to object to a trial court's instructions to the jury or to allegedly improper comments by the prosecutor will not bar appellate review of such instructions or comments where a manifest injustice would otherwise result.

2. CRIMINAL LAW — APPEAL — HARMLESS ERROR.

The standards for determining whether error occurring in a trial is harmless error are (1) whether the error is so offensive to the maintenance of a sound judicial process that it never can be considered harmless, and (2) if not so basic, whether it is harmless beyond a reasonable doubt.

3. CRIMINAL LAW — APPEAL — PRESERVING QUESTION — REASSIGNMENT OF JUDGES.

Appellate review of a defendant's claim of erroneous reassignment of his case for trial before a judge who presided over his trial for a prior offense is precluded where the defendant did not object to such reassignment at trial unless the defendant can show that he was prejudiced by the reassignment.

4. JUDGES — DISQUALIFICATION — COURT RULES.

A showing of actual bias or prejudice is required for purposes of disqualification of a judge under the court rule regarding such disqualification (GCR 1963, 912.2).

5. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MISDEMEANORS.

Denial of a request by the defendant for an instruction on a lesser included misdemeanor in a case where the offense charged was punishable by incarceration for more than two years and the maximum allowable period of incarceration for the misdemeanor was one year or less was not erroneous where the applicable law at the time of the denial precluded such an instruction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Jean L. King,* for defendant on appeal.

Before: T. M. Burns, P.J., and Allen and Cynar, JJ.

Per Curiam. On February 18, 1981, defendant was convicted by a jury of carrying a concealed weapon. MCL 750.227; MSA 28.424. Defendant was sentenced to one year and four months to five years in prison. She appeals as of right, claiming error in four respects.

Defendant first argues that the trial judge erred in his instructions to the jury. At trial, defense counsel requested that the judge instruct the jury on mixed direct and circumstantial evidence by giving CJI 3:1:10. The judge agreed to give the instruction except for subparagraph (7) of CJI 3:1:10 which at that time read:

"If the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

Apparently, the Washtenaw circuit bench believes this subparagraph does not correctly state the law of Michigan. The judge instead instructed:

"The prosecution does not have to specifically disprove every reasonable hypothesis consistent with defendant's guilt *[sic—* innocence]. Such an innocent hypothesis must be of a compelling nature that it creates a reasonable doubt in your mind."

Defendant's failure to object to the above instruction will not bar appellate review if a manifest injustice will result. *People v Wright,* 408 Mich 1, 30, fn 13; 289 NW2d 1 (1980). Under the first prong of the two-pronged harmless error test,

see *People v Swan,* 56 Mich App 22; 223 NW2d
346 (1974), *lv den* 395 Mich 810 (1975), these
instructions were not so offensive that they could
never be deemed harmless. Under the second
prong, the direct evidence that defendant was
carrying a .22 caliber pistol and the circumstantial
evidence that bullet holes and shell casings were
found where the shooting occurred are overwhelm-
ing proof that defendant was carrying a weapon.
The "reasonable" hypothesis defense counsel put
forth was that defendant may have carried a
blank starter pistol. Defendant argues that the
instructions as given interfered with the jury's
duty to properly weigh this hypothesis. In light of
the evidence, absence of this instruction would not
have raised a reasonable doubt in the mind of a
single juror. Any error was, therefore, harmless
beyond a reasonable doubt.

Although we consider any error to be harmless
in this case, the issue illustrates the danger of ad
hoc modification of standard criminal jury instruc-
tions. This is not a case where the court simply
refused to give a paragraph of the standard in-
structions which was otherwise amply covered by
other instructions to the jury. This case presents
an instruction which was itself confusing, even
ignoring the judge's accidental use of the word
"guilt" instead of "innocence".

Next, it is argued that the prosecutor improp-
erly commented on defendant's failure to take the
stand. The comment was a reference to the fact
that only defendant would know where the gun
was. Again, defendant failed to object. This Court
is therefore limited to determining whether a
manifest injustice will result. Under the standards
of *Swan, supra,* such an indirect inference that
defendant had exercised her right to remain silent,

in conjunction with the fact that defense counsel repeatedly mentioned the lack of a weapon at trial, does not amount to such an offensive act that it could never be deemed harmless. Moreover, in light of the overwhelming evidence, *i.e.,* the unrefuted testimony of three witnesses that they saw defendant with a .22 caliber pistol, and the fact that the judge instructed the jury that they could not consider defendant's failure to take the stand in reaching their verdict, any error was harmless beyond a reasonable doubt.

Defendant also argues that Washtenaw County Local Court Rule 2(b), providing for reassignment of a defendant to the judge who had presided over any prior offense by the defendant, is void, having never been approved. Further, she says that in any event the rule is prejudicial. Defendant claims it impaired her right to elect a bench trial.

Defendant's failure to object to the reassignment at trial precludes review of this claim of error unless defendant can show that she was prejudiced by the reassignment. Defendant has made no showing of actual bias or prejudice. Such showing is required for purposes of disqualification of a judge under GCR 1963, 912.2. *People v White,* 411 Mich 366, 386; 308 NW2d 128 (1981). Similarly, there has been no showing of actual bias, prejudice or misconduct on the record to sustain a claim that her right to a bench trial was impaired. *People v Irwin,* 47 Mich App 608; 209 NW2d 718 (1973), *lv den* 390 Mich 803 (1973). There was, accordingly, no prejudice or error in invoking Washtenaw County Local Court Rule 2(b).

Finally, defendant asserts that failure to instruct on the lesser misdemeanor offense of reckless or wanton use of a firearm without due caution or circumspection was error, denying her a

fair trial. Pursuant to *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), a trial court may not instruct on a lesser included offense for which the maximum incarceration period is one year or less when the charged offense is punishable by more than two years incarceration. The Supreme Court has recently abrogated the *Chamblis* rule, but the new rule is to have prospective application beginning in February 1983. For instructions given prior to that time, *Chamblis* governs. See *People v Stephens,* 416 Mich 252; 330 NW2d 675 (1982). The offense of reckless or wanton use of a firearm without due caution or circumspection falls within the *Chamblis* rule. There was no error in refusing to instruct on the lesser offense.

Affirmed.