## PEOPLE v PHILLIPS

Docket No. 66403. Submitted July 13, 1983, at Lansing.—Decided January 17, 1984.

Craig N. Phillips was convicted of negligent homicide, Bay Circuit Court, Eugene C. Penzien, J. Defendant, who was driving his automobile while clearly under the influence of alcohol, struck and killed a bicyclist. The victim was in possession of a small amount of marijuana at the time of the accident and had been seen smoking marijuana prior to the accident. The defendant theorized that because the victim was under the influence of marijuana he may have operated his bicycle in a negligent manner and caused the accident by crossing in front of the defendant. The trial court ruled that, because there was no evidence relating to the strength of the marijuana or to indicate that the marijuana use affected the victim's ability to ride the bicycle, the evidence concerning the victim's marijuana use was irrelevant and inadmissible. Defendant appealed, alleging that the trial court erred in denying admission of the evidence of the victim's marijuana use and in failing to instruct the jury that the victim's noncompliance with certain city bicycle equipment ordinances was evidence of the victim's negligence. *Held:*

1. Normally, a victim's negligent operation of a bicycle is relevant to the issue of causation and the evidence of the victim's marijuana use prior to the accident would be relevant to the question of whether the victim was able to operate the bicycle with due care. In this case, however, there was no evidence indicating the strength of the marijuana allegedly used, the amount of the active ingredient of marijuana present in the victim's bloodstream, or that the victim showed any signs of intoxication. Thus, the evidence regarding marijuana use was not sufficient to allow a jury to make an accurate assessment of whether the victim was under the influence of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 251, 252.

[3] 5 Am Jur 2d, Appeal and Error § 880 *et seq.*

[4] 40 Am Jur 2d, Homicide §§ 93, 113.

[5] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 266, 620.

[6] 57 Am Jur 2d, Negligence §§ 246, 255-260.

marijuana and had little relevance to the question of the victim's ability to operate the bicycle with due care. Furthermore, there was no evidence presented to indicate that the victim's operation of the bicycle was in any way erratic. The trial court properly excluded the evidence regarding marijuana use, as the probative value of such evidence was far outweighed by the danger of unduly distracting the jury and wasting time.

2. The violations of city ordinances regulating bicycle equipment did not, either directly or indirectly, result in the accident. Therefore, the trial court did not err in failing to instruct the jury regarding those ordinances.

Affirmed.

1. EVIDENCE — RELEVANT EVIDENCE — ADMISSION OF EVIDENCE.

Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence; such evidence is admissible except as otherwise provided by constitution or rules of evidence (MRE 401, 402).

2. EVIDENCE — RELEVANT EVIDENCE — EXCLUSION OF EVIDENCE.

Relevant evidence may be excluded if its probative value is substantially outweighed by the risks of unfair prejudice, confusion of the issues, waste of time, or misleading the jury (MRE 403).

3. EVIDENCE — ADMISSION OF EVIDENCE — RELEVANT EVIDENCE.

The burden of controlling the introduction of evidence is upon the trial judge, whose decisions as to relevancy of evidence will not be overturned in the absence of a clear abuse of discretion.

4. HOMICIDE — NEGLIGENT HOMICIDE — CONTRIBUTORY NEGLIGENCE.

Contributory negligence of the deceased is not a defense to a prosecution for negligent homicide and does not negate the defendant's negligence if the latter is established; however, any contributory negligence should be considered by the jury so that it may properly assess whether the defendant's negligence was the proximate cause of the victim's death.

5. STATUTES — BICYCLISTS — USE OF ROADWAY.

A bicyclist has a full right to use a roadway where no designated bicycle path is available provided that he rides as near to the right side of the roadway as practicable (MCL 257.660; MSA 9.236).

6. NEGLIGENCE — VIOLATION OF ORDINANCE — EVIDENCE.

Violation of an ordinance intended to promote safety is evidence

of negligence; however, in order for the violation to constitute evidence of negligence the ordinance must be one designed to protect the class of persons in which the person harmed is included against the risk of the type of harm which has, in fact, occurred as a result of the violation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

*Charles E. Binder,* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. B. BURNS and R. A. BENSON,* JJ.

R. B. BURNS, J. Defendant was convicted by a jury of negligent homicide. MCL 750.324; MSA 28.556. He appeals and we affirm.

The charge in the present case arose out of an automobile accident occurring on November 14, 1981, at approximately 8:30 p.m. The defendant, while driving eastbound on the departure ramp of the Veteran's Bridge in Bay City, struck and killed a bicyclist. Open containers of intoxicants were found in his vehicle.

Three witnesses testified that shortly before the accident they observed the defendant's vehicle traveling over the bridge. Patricia Fisher stated that the defendant's automobile swerved around her vehicle and continued over the bridge at a speed of between 45 and 50 miles per hour. She believed the defendant's vehicle was "fishtailing" as it drove away from her. Angela Bristow testified that she and a friend, Barbara Weir, were walking over the bridge when the defendant sped past them. She estimated that defendant was driving at

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a speed of 50 miles per hour or more when he passed them. Ms. Weir testified that defendant was traveling in excess of the speed limit and that she shouted at him to slow down. Ms. Bristow and Ms. Weir also saw the victim riding his bicycle on the bridge's sidewalk before the defendant passed them. Bay City Police Officer Edward LaPlant who testified as an expert on accident reconstruction, determined that defendant's vehicle was traveling between 49 and 54 miles per hour when the vehicle began to skid before hitting the victim.

Approximately three hours after the accident, defendant was taken to a hospital where blood was taken from him. The alcohol content of his blood was found to be .29. A toxicologist testified that a blood alcohol level of .29 represented a very high alcohol intake and that an individual with such a high concentration of alcohol in his bloodstream would have a decreased ability to see at night, to judge driving speed and distance, and to steer an automobile. Furthermore, such person's reaction time would be lengthened and he would show obvious signs of intoxication. One police officer who observed defendant after his arrest testified that defendant's speech was slurred and that defendant had difficulty handling a telephone in the police station. Another policeman who saw defendant at a bar before the accident testified that at that time the defendant was intoxicated. He admitted, however, that defendant did not stagger or stumble while in the bar. Likewise, a police officer who observed defendant at the accident scene stated that, although defendant's breath smelled of alcohol, he walked fairly well and his clothes were not in disarray.

The prosecution argued that the defendant negligently caused the victim's death by either operat-

ing his motor vehicle at an excessive speed or by operating it while intoxicated. Defendant argued, *inter alia,* that the victim's negligent operation of his bicycle may have caused the accident. Defendant theorized that the victim may have abruptly left the sidewalk and crossed in front of the defendant and that defendant was unable to avoid hitting him. In support of this theory, defense counsel argued that the victim may have been under the influence of marijuana when the accident occurred. A small quantity of marijuana was found on the victim's body and defendant offered the testimony of Jesse Glasspell, who saw the victim smoking marijuana in Veteran's Memorial Park on the evening of the accident. In a separate record, Glasspell testified that from 6 p.m. to 7 p.m. that evening he observed the victim sharing as many as three marijuana "joints" with three or more other people. The victim then left the park in an automobile and returned between 8 p.m. and 8:30 p.m. The victim then shared two or three more joints.

The toxicologist also testified for defendant on a separate record. He stated that ingestion of a sufficient amount of the active ingredient in marijuana causes an intoxication which lengthens reaction time and decreases judgment. He could not give an opinion as to whether the alleged marijuana use affected the victim's operation of the bicycle, however, because he did not know the strength of marijuana ingested. He stated that it would be helpful to know if the victim exhibited any symptoms of intoxication before the accident. Defense counsel offered to show that the victim rode the bicycle over the bridge rather than walking with it as directed by a sign and that the victim had, at some point prior to the accident, left

the sidewalk and begun riding in the street. The toxicologist stated that this information was not helpful in determining whether the victim's alleged marijuana use affected his ability to operate the bicycle with due care.

The trial judge ruled that, without some testimony indicating that the marijuana use affected the defendant's ability to ride the bicycle, there was no connection between the marijuana use and defendant's theory. The judge also noted that there was no testimony as to the strength of the marijuana and, therefore, nothing to indicate the effect the marijuana would have had on the victim. For these reasons, the trial judge ruled that, at that point in the trial, the evidence concerning the victim's marijuana use was irrelevant and inadmissible. Defendant now challenges this ruling on appeal.

Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. MRE 401. All relevant evidence is admissible except as otherwise provided by constitution or rules of evidence. MRE 402. *People v Prast (On Rehearing)*, 114 Mich App 469; 319 NW2d 627 (1982). MRE 403 excludes relevant evidence if its probative value is substantially outweighed by the risks of unfair prejudice, confusion of issues, waste of time, or misleading the jury.

The burden of controlling the introduction of evidence falls upon the trial judge, who must draw upon his own wisdom and experience in making a decision as to relevancy. *People v Howard*, 391 Mich 597, 603-605; 218 NW2d 20 (1974). It is not within the role of this Court to second-guess such

judgment. *People v Howard, supra,* p 603; *People v Potter,* 115 Mich App 125, 134; 320 NW2d 313 (1982).

In a prosecution for negligent homicide, the deceased's contributory negligence is not a defense and, therefore, does not negate the defendant's negligence if the latter is established. *People v Jeglum,* 41 Mich App 247, 249-250; 199 NW2d 854 (1972). However, any contributory negligence should be considered by the jury so that it may properly assess whether the defendant's negligence was the proximate cause of the victim's death. See *People v Jeglum, supra,* pp 250-251.

Defendant argues that the proffered testimony regarding the victim's alleged marijuana use was relevant to the victim's ability and capacity to react and, consequently, relevant to whether the victim exercised ordinary care for his own safety. We agree that, in cases such as the present one, a victim's negligent operation of a bicycle is relevant to causation and that a victim's marijuana use prior to the accident would ordinarily be relevant to whether the victim was able to operate the bicycle with due care. However, in the instant case, as the trial judge noted, there was no testimony indicating the strength of the marijuana allegedly ingested by the victim. Nor was there any testimony as to the amount of the active ingredient of marijuana in the victim's bloodstream or testimony indicating that the victim showed signs of intoxication. Without these pieces of information, the jury would have been, as was the toxicologist, unable to make an accurate assessment of whether the victim was intoxicated from marijuana use and whether his ability to operate the bicycle was impaired. Thus, the proffered testimony relating to marijuana use had

little probative value on the question of whether the decedent operated his bicycle with due care.

Furthermore, the evidence which was admitted lent no support to defendant's theory. Barbara Weir, who saw the victim on the bridge, testified that he was not having trouble balancing himself on the bicycle and was not "weaving" when he passed her. Similarly, Mr. Glasspell testified that the victim did not display difficulty balancing himself on the bicycle after he smoked the alleged marijuana.

Officer LaPlant testified that the defendant's vehicle jumped the curb prior to striking the victim and that the bicycle was only seven inches off the curb in the street at the moment of impact. It should be noted that the victim clearly had a right to be in the street at the time of the accident. A bicyclist has a full right to use a roadway where no designated bicycle path is available provided that he rides as near to the right side of the roadway as practicable. MCL 257.660; MSA 9.2360. The victim's proximity to the curb indicates that he was lawfully riding in the street at the time of the accident. In addition, there was no testimony indicating how the victim steered into the street. The defendant, the only eyewitness to the accident, refused to testify, although he stated to police after the accident that he never saw the victim.

Thus, there was no evidence admitted indicating that the decedent abruptly left the sidewalk and crossed in front of defendant's vehicle as the defendant theorized. Nor was there any evidence indicating that the decedent had difficulty maneuvering his bicycle, which might allow an inference, however unjustified, that the decedent operated the bicycle without due care because he was under

the influence of marijuana. To the contrary, it appears he was not riding his bicycle erratically after having smoked the alleged marijuana.

Absent evidence as to the strength of the alleged marijuana ingested and absent any evidence that the decedent operated the bicycle without due care or showed signs of intoxication, there was an exceedingly slight logical connection between the alleged marijuana use and the fact sought to be proved, *i.e.* that the decedent left the sidewalk and crossed in front of defendant. Moreover, there was a danger that if the proffered testimony were admitted the jury would be unduly distracted on the side issues of whether the deceased did smoke marijuana, the amount that he smoked, when he smoked it and, most importantly, the effect it would have had on his ability to operate a bicycle with due care. The slight probative value which the proffered testimony may have had was substantially outweighed by its dangers of unduly distracting the jury and wasting time. MRE 403. Under these circumstances, we cannot find that the trial judge's decision to exclude the evidence was an abuse of discretion. Therefore, we reject defendant's arguments on this point.

We also reject defendant's claim that the trial judge erred in failing to instruct the jury that the decedent's bicycle failed to comply with certain Bay City ordinances regulating bicycle equipment, registration, and inspection, and that such non-compliance was evidence of negligence. A violation of an ordinance intended to promote safety is evidence of negligence. See *Johnson v Grand Trunk Western R Co,* 58 Mich App 708, 713-714; 228 NW2d 795 (1975). To constitute such evidence, the ordinance must be designed to protect the class of persons in which a person harmed is

included against the risk of the type of harm which has, in fact, occurred as a result of its violation. *Webster v WXYZ,* 59 Mich App 375, 383-384; 229 NW2d 460 (1975), *lv den* 395 Mich 751 (1975).

Clearly, the violations of the ordinances dealing with bicycle inspection and the horn did not, either directly or indirectly, result in the accident and, therefore, the trial court did not err in failing to instruct on these ordinances. In addition, defendant failed to show that the red reflector on the deceased's bicycle was not in compliance with the ordinance. Accordingly, defendant was not entitled to an instruction regarding the reflector ordinance.

It was clear that the victim's bicycle did not have a headlight in compliance with the ordinance. The trial court found, however, that the purpose of this ordinance was not to make the bicycle visible from the rear to prevent accidents like the one involving defendant, especially since the next part of the ordinance required rear reflectors. Based on this record, we cannot say this ruling was erroneous. Therefore, we cannot find that the failure to give the requested instruction was reversible error.

We have reviewed defendant's other claims of error and conclude that they lack merit.

Affirmed.