PEOPLE v BOWERS

Docket No. 69246. Submitted May 3, 1984, at Grand Rapids.—Decided
    July 16, 1984.

Ronald G. Bowers was convicted following a jury trial in the
    Calhoun Circuit Court, Stanley Everett, J., of breaking and
    entering an occupied dwelling with intent to commit larceny.
    He was thereafter sentenced to a term of from 6 to 15 years
    imprisonment, James C. Kingsley, J. Defendant appeals raising
    several issues. *Held:*

   1. The trial court did not abuse its discretion in admitting
    into evidence testimony concerning the investigatory stop of
    defendant's automobile by Deputy Monette. The investigatory
    stop of defendant's vehicle by Deputy Monette was proper.
    Given the reasonable suspicions of the deputy, the limited
    intrusion into defendant's personal freedom was justified.

   2. The admission of testimony concerning the stolen car of
    the complainant's neighbor was improper and such error was
    not harmless error. Reversal is, therefore, required. It was
    error to allow the introduction of evidence concerning a sepa-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 881.
[2] 68 Am Jur 2d, Searches and Seizures §§ 16, 41-45, 99.
    Validity, under Federal constitution, of warrantless search of auto-
    mobile. 26 L Ed 2d 893.
[3] 29 Am Jur 2d, Evidence §§ 320, 321, 333.
[4] 5 Am Jur 2d, Appeal and Error § 886.
    75 Am Jur 2d, Trial §§ 469-472.
[5, 6] 13 Am Jur 2d, Burglary §§ 24, 52.
    50 Am Jur 2d, Larceny § 35.
[6] 13 Am Jur 2d, Burglary § 66.
    50 Am Jur 2d, Larceny § 171.
[7] 20 Am Jur 2d, Courts § 233.
    21 Am Jur 2d, Criminal Law §§ 28-30.
    75 Am Jur 2d, Trial § 876 et seq.
    Prospective or retroactive operation of overruling decision. 10
    ALR3d 1371.
[8] 5 Am Jur 2d, Appeal and Error § 810 et seq.
    75 Am Jur 2d, Trial § 576 et seq.
[9] 29 Am Jur 2d, Evidence § 125.

rate and unrelated criminal offense absent some proof that the individual on trial for the primary offense had in actuality committed such other criminal activity. Defendant was denied a fair trial by the introduction of this evidence to establish that he had committed the charged crime of breaking and entering.

3. The prosecutor met his burden of proving that the defendant had the specific intent to commit a larceny at the time he committed the breaking and entering.

4. The trial court did not err in refusing to instruct the jury on the lesser included misdemeanor offense of simple breaking and entering. The Supreme Court's change in the "misdemeanor cutoff rule" which would have allowed such an instruction was expressly made applicable prospectively commencing in February of 1983. Defendant's request for such an instruction was made on October 19, 1982, and, therefore, was properly denied pursuant to the "misdemeanor cutoff rule" then in effect.

5. The trial court properly instructed the jury concerning circumstantial evidence. The trial court's instruction was consonant with the prosecution's burden of proving its own theory beyond a reasonable doubt notwithstanding the evidence offered by the defendant.

6. The case against the defendant was not made up of only circumstantial evidence.

7. Since instructions for a lesser included misdemeanor offense are not precluded after February, 1983, upon retrial, the court shall, upon request, instruct on the lesser offense of simple breaking and entering.

Reversed and remanded for a new trial.

1. TRIAL — EVIDENCE — APPEAL.

   The admission and rejection of evidence offered during the course of a trial is a matter committed to the sound discretion of the trial court; reversal will be ordered only upon a showing that the trial court abused its discretion.

2. CRIMINAL LAW — SEARCHES AND SEIZURES — FOURTH AMENDMENT.

   The investigatory stop of a defendant's vehicle and his brief detention constitutes a "seizure" within the meaning of the Fourth Amendment; thus, in order to withstand constitutional scrutiny, it must comport with the ultimate standard of reasonableness required under the Fourth Amendment and the officer must have had an objective, articulable basis for suspecting the defendant of criminal activity (US Const, Am IV).

3. Criminal Law — Evidence — Other Crimes.

A trial court errs in allowing the introduction of evidence concerning a separate and unrelated criminal offense in a defendant's trial for another offense absent some proof that the defendant had in actuality committed the unrelated criminal act; supposition and speculation that both crimes are related are insufficient to warrant the introduction of such highly prejudicial evidence to establish that the defendant committed the charged offense.

4. Criminal Law — Directed Verdicts.

A trial court faced with a defendant's motion for a directed verdict must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

5. Larceny — Breaking and Entering With Intent to Commit Larceny — Specific Intent.

A prosecutor in a trial for breaking and entering an occupied dwelling with intent to commit larceny is required to prove that the defendant had the specific intent to commit a larceny at the time he committed the breaking and entering; given the difficulty in proving the actor's state of mind, minimal circumstantial evidence illustrating that the defendant intended to steal at the time that he broke and entered the dwelling is sufficient to sustain a conclusion that the defendant entertained the requisite intent (MCL 750.110; MSA 28.305).

6. Larceny — Breaking and Entering With Intent to Commit Larceny — Fact Questions — Jury.

The question of whether the defendant intended to commit larceny when he broke and entered an occupied dwelling is a question of fact for the jury in a jury trial for breaking and entering an occupied dwelling with intent to commit larceny (MCL 750.110; MSA 28.305).

7. Criminal Law — Jury Instructions — Lesser Included Offenses — Misdemeanors.

Denial of a request by the defendant for an instruction on a lesser included misdemeanor in a case where the offense charged was punishable by incarceration for more than two years and the maximum allowable period of incarceration for

the misdemeanor was one year or less was not erroneous where the applicable law at the time of the denial precluded such an instruction and where the Supreme Court's change in the law subsequent to the denial of the request which would allow the instruction has prospective application only.

8. CRIMINAL LAW — JURY INSTRUCTIONS — OMITTED INSTRUCTIONS.
   No error results from an omission of a requested instruction if the charge as a whole covers the substance of the omitted instruction.

9. CRIMINAL LAW — PROSECUTING ATTORNEYS — BURDEN OF PROOF.
   The prosecution need only prove its own theory of the case beyond a reasonable doubt notwithstanding the evidence offered by the defendant and need not negate every reasonable theory consistent with the defendant's innocence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Patricia S. Woodall,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud),* for defendant on appeal.

Before: BEASLEY, P.J., and ALLEN and M. B. BREIGHNER,* JJ.

ALLEN, J. Following a jury trial, defendant was convicted of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. On November 24, 1982, he was sentenced to a term of from 6 to 15 years incarceration. He presently appeals as of right, raising five issues for our consideration.[1] We re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] I. Whether the trial court erred in admitting evidence concerning the investigatory stop of defendant's auto.

II. Whether the trial court properly admitted testimony concerning the stolen car of complainant's neighbor.

III. Whether it was established that defendant had the requisite intent to commit a larceny.

IV. Whether the trial court erred in failing to instruct the jury on the lesser included offense of simple breaking and entering.

V. Whether the trial court improperly instructed the jury concerning circumstantial evidence.

verse because of error on issue II.

On April 2, 1981, the complainant, Isidro Garcia, returned to his home on 28 Mile Road in Albion at approximately 1 a.m. and observed an automobile parked on the road opposite his home. The overhead garage door as well as the kitchen door were open and several lights were on. After entering the house and hearing noises, Garcia proceeded to the dining area where he observed someone kneeling by the sliding glass door. Although he could not see the intruder's face, he saw that he was a white male wearing a fur-lined, waist-length jacket and blue jeans. Garcia yelled to the individual, who opened the door, pushed the screen out and fled. After making sure that his family was all right, Garcia went outside and noticed a sheriff's car next to the vehicle he had observed earlier. While on routine patrol, the deputy had observed the parked car and had stopped to investigate. Garcia informed the deputy that he had just chased someone from his home. Although the deputy waited in the area for some time, no one returned to the vehicle and it was subsequently impounded. It was later determined that the vehicle belonged to defendant.

The only damage to the Garcia residence consisted of the pushed-out screen door. Other than a baby blanket, nothing was taken from the home.

Deputy Monette testified that shortly before midnight on the evening of April 1, 1981, he observed an unoccupied automobile parked on the side of Garfield Road, which is approximately 15 to 20 miles from the Garcia residence. Monette ran a registration check on the vehicle and further noticed that the hood was warm, the driver's window was partially open and the inner dome light of the car was operable. He was unable to locate the

driver and, because he was aware of the large number of break-ins in the area, he left the vehicle to make a check of the nearby homes. Ten minutes later, when he returned to the road, the vehicle was gone. Remembering that the vehicle was registered to a Lansing resident, Monette headed north and soon caught up with the vehicle which was being driven by defendant. Monette asked defendant for his identification and automobile registration and asked him about his presence on Garfield Road. After producing the necessary papers and explaining to the officer that he had stopped to relieve himself, he was allowed to leave. The stop lasted approximately five to ten minutes. At trial, over defense objections, Monette testified concerning the stop of the vehicle and further testified that defendant was wearing a waist-length brown coat and blue jeans.

Frank Hiday, a neighbor of Garcia's who lived approximately one mile away on 29 Mile Road, was permitted to testify over defense objection that his wife's car had been stolen during the night of April 1 or the morning of April 2, 1981. The vehicle was found around noon on April 2 by a Michigan State Police officer in Holt, Michigan, approximately 40 miles from Albion and within 2-1/2 to 3 miles of defendant's residence. Trooper Service attempted to start the vehicle but was unable to do so. He noticed that the gas gauge registered below empty. The Hiday vehicle was processed for fingerprints but none were identified as having been made by defendant.

Defendant testified that he left his apartment on the night of April 1 to go out for a few drinks. After stopping at a few bars, he stopped his car on Garfield Road in order to relieve himself and, although he saw the police car near his vehicle, he

was too embarrassed to appear. Sometime between 12:30 and 1 a.m., after being stopped by Deputy Monette, he began to have trouble with his car and when it stalled out he was unable to restart it. He left the vehicle on 28 Mile Road and hitchhiked back to Lansing, arriving between 4 and 5 a.m.

Defendant claims that the trial court erred in admitting evidence obtained through an alleged unconstitutional investigatory stop of his vehicle. No motion to suppress the evidence was brought prior to trial and defendant's objection was first raised during the testimony of Deputy Monette. While he concedes that Monette's actions on Garfield Road were proper, *i.e.,* running a registration check on the vehicle and checking the nearby homes, relying on *People v Freeman,* 413 Mich 492; 320 NW2d 878 (1982), he challenges the validity of the subsequent stop. Admission and rejection of evidence during the course of a trial is a matter committed to the sound discretion of the trial court; reversal will be ordered only upon a showing that the trial court abused its discretion. *People v Howard,* 391 Mich 597; 218 NW2d 20 (1974); *People v Phillips,* 131 Mich App 486; 346 NW2d 344 (1984). We find the facts of the present case to be distinguishable from *Freeman* and find no abuse of discretion in the admission of this testimony.

The investigatory stop of defendant's vehicle and his brief detention constitutes a "seizure" within the meaning of the Fourth Amendment.[2] *Delaware v Prouse,* 440 US 648; 99 S Ct 1391; 59 L Ed 2d 660 (1979); *Freeman, supra.* Thus, in order to withstand constitutional scrutiny, it must comport with the ultimate standard of reasonableness re-

_____

[2] US Const, Am IV.

quired under the Fourth Amendment and the officer must have had an objective, articulable basis for suspecting the individual stopped of criminal activity. *Michigan v Summers,* 452 US 692; 101 S Ct 2587; 69 L Ed 2d 340 (1981); *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973).

In *Freeman,* the Supreme Court found that, although the prosecutor offered three reasons in support of the stop, the officers lacked a reasonable suspicion that criminal activity may have been afoot at the time the officers "seized" the defendant and his vehicle. The Court noted that a "lone automobile idling in a darkened parking lot late at night does not, without more" provide a basis for a constitutionally permitted investigatory stop. *Freeman, supra,* p 496. Emphasis was also placed upon the fact that the officers did not explain what criminal activity they suspected or how the facts recited supported their suspicions. The Court noted that the determination of whether to stop a vehicle under similar situations when additional, objective facts were present was a matter to be determined in light of all the circumstances of each individual case. *Id.,* p 497.

In the present case, defendant's vehicle was parked off the side of a rural road, late at night, apparently abandoned. The hood of the vehicle was still warm but no driver was observed within the area although the officer utilized search lights to scan the area. Additionally, and unlike *Freeman,* the officer was aware that several break-ins had occurred in the area. After making a check of the surrounding homes, he returned to find the vehicle gone. His action in heading north and stopping the vehicle was based upon objective factors which led to his suspicion that criminal activity may be afoot, *i.e.,* the vehicle may have

some involvement or connection in the breakings and enterings. Because his suspicions had not been alleviated, but had in fact been heightened when he returned to find the vehicle gone, the subsequent brief detention and questioning of defendant was an appropriate and reasonable police response to the existing situation. Once Deputy Monette was provided with identification and a reason for the "abandonment" of defendant's vehicle on Garfield Road, defendant was allowed to leave. The detention was brief and was limited to an investigation of the circumstances which initially aroused the officer's suspicions. See *People v Burrell,* 417 Mich 439; 339 NW2d 403 (1983). Defendant was not required to leave the vehicle and was not subjected to extensive questioning. Given the reasonable suspicions of the officer, the limited intrusion into defendant's personal freedom was justified. We find no abuse of discretion in the trial court's admission of Deputy Monette's testimony and find that the investigatory stop of defendant's vehicle was proper.

At trial, the prosecutor sought to introduce the testimony of Frank Hiday concerning the theft of his wife's car on the night of the Garcia break-in on the basis that it was relevant evidence and would tend to "establish or prove that this defendant who, of course, resides in Lansing, and whose car was found abandoned at the scene of the B & E, was the man that committed that B & E". Defense counsel objected to this evidence arguing that the evidence was inadmissible under MRE 404(b) and the standards set forth in *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982), and further, that there was no evidence that defendant took the vehicle and that the evidence was irrelevant and highly prejudicial. The trial court determined that although there was a possibility

of prejudice, the evidence had probative value, that there was a connection between the two incidents, that flight from the scene is a part of the crime, and that it was up to the jury to make that connection based on the evidence.

We find it unnecessary to address defendant's argument concerning the admissibility of Hiday's testimony under MRE 404(b) inasmuch as the trial court explicitly stated that the evidence was not being offered under that rule and that it would be inadmissible as evidence of a "similar act". A more difficult question is presented as to the admissibility of the testimony under the "res gestae" exception to the general rule that evidence tending to show the commission of other criminal acts by the defendant is not admissible to prove his guilt or innocence of the charged offense. See *People v Savage,* 225 Mich 84; 195 NW 669 (1923). We find that the testimony of Hiday was improperly admitted and that the error was not harmless. Reversal is therefore required.

In *People v Delgado,* 404 Mich 76, 83; 273 NW2d 395 (1978), the Supreme Court held that the introduction of evidence tending to show that the defendant had committed a separate and distinct criminal act, other than the one for which he was on trial, was proper, stating:

"It is the nature of things that an event often does not occur singly and independently, isolated from all others, but, instead, is connected with some antecedent event from which the fact or event in question follows as an effect from a cause. When such is the case and the antecedent event incidentally involves the commission of another crime, the principle that the jury is entitled to hear the 'complete story' ordinarily supports the admission of such evidence. *State v Villavicencio,* 95 Ariz 199; 388 P2d 245 (1964); *People v Wardwell,* 167

Cal App 2d 560; 334 P2d 641 (1959); McCormick, Evidence (2d ed), § 190.

"Stated differently:

" 'Evidence of other criminal acts is admissible when so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime.' *State v Villavicencio, supra,* p 201."

In *Delgado,* two drug purchases, one on January 17 and the other on January 22 which provided the basis for the prosecution, were "inextricably related, one to the other" and were analogized to a cause and effect situation. *Id.,* p 84. We find the facts of the instant case to be distinguishable inasmuch as the two occurrences (the breaking and entering and the auto theft) are not "inextricably related" in that one naturally followed the other as a cause and effect and further note that it was not established that defendant had in fact committed the auto theft.

In each case applying the "res gestae" exception, thus allowing the introduction of evidence of other criminal activity on the part of the defendant, the act or conduct evidence being introduced was offered for the purpose of explaining the circumstances leading up to the charged offense and was not offered to prove that defendant, by virtue of his commission of the separate act, had committed the offense for which he was on trial. Moreover, in each case, the evidence being introduced concerned acts, conduct or the demeanor *of the defendant.* In other words, where the exception has been applied there has been no dispute that the person committing the other criminal activity was the defendant in the primary case.

For example, in *People v Castillo,* 82 Mich App 476; 266 NW2d 460 (1978), a gun, thrown by

defendant out of a window, was properly admitted in his trial for possession of heroin where the defendant had simultaneously thrown both the gun and a bag containing heroin out the window. Indeed, it was that act which led to his arrest and the discovery that he was in possession of the drugs. Similarly, in *People v Scott,* 61 Mich App 91; 232 NW2d 315 (1975), evidence that the charged offense of felonious assault occurred during defendant's attempt to escape prison was found to be admissible under the res gestae exception. Also, in *Delgado, supra,* there was no issue concerning the identity of the individual involved in the earlier heroin sale and the evidence was admitted to show the course of dealing whereby, based on the earlier sale of a sample quantity of heroin, the undercover agent subsequently purchased a. larger quantity of the same drug. A review of these cases clearly indicates that evidence of other criminal conduct of the defendant is admissible to explain or illustrate the circumstances surrounding the commission of the charged offense rather than as substantive proof that because he committed one act he necessarily, or more probably, committed the other.

In *People v Stoker,* 103 Mich App 800; 303 NW2d 900 (1981), the introduction of evidence showing that defendant was in possession of several different identification cards at the time of his arrest for armed robbery and felony-firearm was held to be reversibly erroneous and not within the res gestae exception. This Court found that the relevance and probative value of the evidence was suspect considering the absence of proof that the identification cards had been stolen. Given the obvious prejudicial impact of the evidence and the fact that the prosecutor had clearly implied during

his examination of the witnesses and during closing argument that the items were stolen, reversal was required. Moreover, it was determined that the evidence concerning the status of the items as stolen property was too speculative and the Court held that injection of this evidence operated to deprive defendant of a fair trial.

In the present case, no direct evidence linked defendant to the theft of the Hiday vehicle. His fingerprints were not found in the car and no testimony placed defendant near the Hiday residence or in or near the vehicle itself. Without any proof that defendant had in fact stolen the car, the prosecutor was permitted to introduce evidence concerning the theft to prove that defendant had committed the breaking and entering at the Garcia residence. It is apparent that the prosecutor was attempting to show that whoever committed the break-in also stole the car. Thus, the relevance of the evidence concerning the theft of the Hiday vehicle was conditioned upon the assumption that defendant had committed the charged crime and then had stolen the car. The separate and distinct offenses were being used alternatively to prove the other, *i.e.,* because defendant committed the break-in he stole the car and because defendant stole the car he committed the breaking and entering.

It was error to allow the introduction of evidence concerning a separate and unrelated criminal offense absent some proof that the individual on trial for the primary offense (here, breaking and entering) had in actuality committed the other criminal activity. Supposition and speculation that both crimes are related are insufficient to warrant the introduction of such highly prejudicial evidence. Nor was it necessary to introduce evidence of the later vehicle theft in order to explain the

circumstances leading to the charged offense. Absent proof that defendant committed the other criminal act, the evidence had no relevance to the guilt or innocence of defendant regarding the charged crime and was of obvious prejudicial impact. Furthermore, in both his closing and rebuttal arguments the prosecutor pointed out the "coincidence" that on the same night the Garcia residence was broken into a neighbor's car was stolen and found within miles of defendant's residence. Without more, a coincidence is all that was established. We hold that defendant was denied a fair trial by the introduction of this evidence to establish that defendant had committed the charged crime of breaking and entering.

We find no error as to issue III. Under the standard established in *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *cert den* 449 US 885 (1980), the trial court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. In the present case, the prosecutor was required to prove that defendant had the specific intent to commit a larceny at the time he committed the breaking and entering in order to sustain his burden of proof. *People v Tilliard,* 98 Mich App 17; 296 NW2d 180 (1980). Given the difficulty in proving the actor's state of mind, minimal circumstantial evidence illustrating that defendant intended to steal at the time he broke and entered the home is sufficient to sustain a conclusion that the defendant entertained the requisite intent. *People v Palmer,* 42 Mich App 549, 552; 202 NW2d 536 (1972); *People v Noel,* 123 Mich App 478; 332 NW2d 578 (1983).

The time of night, the furtiveness of defendant, and defendant's flight from the scene are all factors which the jury might consider in determining whether defendant intended to steal. Certainly they are factors indicating that defendant was up to no good. A reasonable alternative wrongful intent, sexual molestation, is negatived by reason of the fact that complainant's wife was unmolested though she was upstairs in the bedroom. Whether defendant intended to commit larceny when he broke and entered was a question of fact for the jury. That issue was squarely put before the jury. The fact that defendant was interrupted before he was able to steal does not mean that there was insufficient evidence of breaking and entering with intent to steal. From the nature, time and place of defendant's acts before and during the breaking and entering, the minimal threshold to establish an intent to commit larceny was met. *People v Saunders,* 25 Mich App 149, 150; 181 NW2d 4 (1970).

Relying upon *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), the trial court refused defense counsel's request that the jury be instructed on the lesser included offense of simple breaking and entering, MCL 750.115; MSA 28.310, a misdemeanor. Pointing out that the *Chamblis* "misdemeanor cutoff rule" was overruled two months after defendant's trial, *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982), in issue IV defendant argues that application of the now-defunct *Chamblis* rule would deny defendant his right to due process of law. We disagree.

In overturning the former *Chamblis* rule, the Supreme Court expressly made the change in rule applicable prospectively commencing February, 1983. Defendant's request for the jury instruction

was made October 19, 1982. We are not about to say that a rule expressly adopted by the Supreme Court is unconstitutional. A similar claim was made and rejected by this Court in *People v Murphy,* 126 Mich App 379, 384; 337 NW2d 70 (1983).

The trial court declined to give the "Pure Circumstantial Evidence" instruction, CJI 4:2:01, requested by defendant. Finding that the requested instruction was not applicable because of the existence of some direct evidence, the trial court instructed in part as follows:

"Circumstantial evidence must be considered by the following rules: The circumstances themselves must be believed. The circumstances must be inconsistent with guilt—pardon me—must be consistent with guilt and inconsistent with innocence. The circumstances must be of such a conclusive nature and tendency if they convince you beyond a reasonable doubt of the defendant's guilt.

"If the evidence is open to two reasonable constructions, one indicating guilt, and the other innocence, it is your duty to accept the construction indicating innocence."

In issue V, defendant contends that if CJI 4:2:01 had been given the jury may well have found an innocent theory that rationally agreed with the facts that were proved.

No error results from an omission of a requested instruction if the charge as a whole covers the substance of the omitted instruction. *People v Bender,* 124 Mich App 571, 574-575; 335 NW2d 85 (1983). In the instant case, the instruction given by the court, when read as a whole, covered the substance of the omitted instruction, as it explicitly pointed out that if the evidence could be reasonably interpreted two ways, one of which pointed to guilt and the other to innocence, then

the jury was under a duty to accept the interpretation indicating innocence. Further, the trial court's instruction indicated that the circumstances must be of such a conclusive nature and tendency to convince the jury beyond a reasonable doubt of defendant's guilt. While the omitted instruction used different wording, the crux of both instructions was the same. In addition, this Court on many occasions has rejected the argument put forth by defendant that the prosecutor must negate every reasonable theory consistent with defendant's innocence. Rather, the prosecution need only prove its own theory beyond a reasonable doubt notwithstanding the evidence offered by defendant. *People v Perry,* 114 Mich App 462; 319 NW2d 559 (1982); *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). The trial court's instruction was consonant with the above burden.

Defendant argues that the present conviction is based on only circumstantial evidence. However, there is direct evidence. Complainant saw defendant in his home. Defendant's auto was found across from complainant's home. Though this is not the strongest evidence of the totality of the case, it does preclude the instant situation from being characterized as wholly circumstantial.

In conclusion, we find no error except as to issue II. Accordingly, defendant's conviction is reversed and the matter remanded for a new trial. Upon retrial, evidence of the theft of the Hiday car shall not be admitted. However, because instructions for a lesser included misdemeanor offense are not precluded after February, 1983 *(Stephens, supra),* upon retrial the court shall, upon request, instruct on the lesser offense of simple breaking and entering.

Reversed and remanded in accordance with this opinion.