PEOPLE v BURT

Docket No. 106414. Submitted August 3, 1988, at Lansing. Decided
    September 13, 1988. Leave to appeal applied for.
    Wayne G. Burt was charged in Gratiot Circuit Court with negli-
    gent homicide. The circuit court, Randy L. Tahvonen, J.,
    granted defendant's motion in limine to permit the admission
    of evidence that the decedent was not wearing a seat belt at
    the time of the automobile accident that resulted in the negli-
    gent homicide charge. The people appealed on leave granted.

    The Court of Appeals held:

    While evidence of the decedent's negligence is admissible for
    the purpose of the jury's consideration of the question of
    whether the defendant's negligence was the proximate cause of
    the decedent's death, evidence that the decedent was not using
    a seat belt is irrelevant to the determination of whether the
    defendant is guilty of criminal conduct. It, therefore, was error
    to grant defendant's motion in limine.

    Reversed.

HOMICIDE — NEGLIGENT HOMICIDE — CONTRIBUTORY NEGLIGENCE —
    EVIDENCE — SEAT BELT USE.

    A decedent's contributory negligence is not a defense to a negli-
    gent homicide charge, but the jury may consider the conduct of
    the deceased to determine whether the defendant's negligence
    was the proximate cause of the decedent's death; however, the
    failure of the decedent to wear a seat belt is irrelevant to the
    determination of whether defendant is guilty of criminal con-
    duct and evidence of such failure of the decedent to wear a seat
    belt should be excluded at trial (MCL 750.324; MSA 28.556).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *Mark A. Gates,*
Prosecuting Attorney, for the people.

REFERENCES
Am Jur 2d, Homicide §§ 91 *et seq.,* 113, 245 *et seq.*
Validity and construction of statute defining homicide by conduct
    manifesting "depraved indifference". 25 ALR4th 311.

*Bruce K. Havens,* for defendant.

Before: DANHOF, C.J., and CYNAR and G. R. DE-
NEWETH,* JJ.

PER CURIAM. Defendant is charged with negli-
gent homicide. MCL 750.324; MSA 28.556. Plaintiff
appeals by leave granted from Gratiot Circuit
Court orders which granted defendant's motion in
limine to permit the admission of evidence that
the decedent failed to wear a safety belt. We
reverse.

The decedent, Matthew Everdeen, died after a
vehicle which he drove collided with a vehicle
driven by defendant. Defendant allegedly failed to
yield the right of way at a stop sign. Everdeen was
not wearing a safety belt at the time of the acci-
dent.

A decedent's contributory negligence is not a
defense to a negligent homicide charge. However,
the jury may consider the conduct of the decedent
or a third party in determining whether the defen-
dant was negligent and whether the defendant's
negligence was the proximate cause of the dece-
dent's death. *People v Clark,* 295 Mich 704, 708-
709; 295 NW 370 (1940); *People v Campbell,* 237
Mich 424, 430-432; 212 NW 97 (1927); *People v
Barnes,* 182 Mich 179; 148 NW 400 (1914); *People
v Phillips,* 131 Mich App 486, 492; 346 NW2d 344
(1984); *People v Ebejer,* 66 Mich App 333, 339; 239
NW2d 604 (1976); *People v Jeglum,* 41 Mich App
247; 199 NW2d 854 (1972).

The above-cited cases concern whether the con-
duct of the victim or a third party caused an
accident. Here, Everdeen's failure to wear a safety
belt did not cause the accident. Defendant claims
that evidence of Everdeen's failure to wear a

* Circuit judge, sitting on the Court of Appeals by assignment.

safety belt is admissible for the purpose of deter-
mining whether defendant's conduct was the prox-
imate cause of Everdeen's death. We reject defen-
dant's claim because the negligent homicide stat-
ute is designed to punish criminal conduct. Ever-
deen's failure to wear a safety belt is irrelevant to
the determination of whether defendant is guilty
of criminal conduct. *People v Richardson*, 170
Mich App 470; 428 NW2d 698 (1988). The evidence
must be excluded.

Reversed.