PEOPLE v MOORE

Docket No. 220596. Submitted January 9, 2001, at Detroit. Decided March
13, 2001. Approved for publication May 22, 2001, at 9:15 A.M.

Roxanne Moore, following a preliminary examination, was bound
over for trial in the Oakland Circuit Court on a charge of negligent
homicide for the death of Michael Williams in an automobile acci-
dent in which Williams' automobile had struck a tractor-trailer
operated by the defendant, crossed into oncoming traffic, and
struck a van head on. At the time of the accident, the tractor-trailer
was completing a turn from a parking lot onto a multilane roadway
and was partially occupying the lane in which the decedent was
driving. The prosecution moved in limine to exclude evidence that
the decedent was not wearing a seat belt and had marijuana in his
bloodstream at the time of the accident. The court, Colleen A.
O'Brien, J., granted the motion, ruling that the seat belt evidence
was irrelevant and that the marijuana evidence was more prejudi-
cial than probative. The defendant appealed by leave granted.

The Court of Appeals *held*:

The trial court abused its discretion in excluding the disputed
evidence. Although the negligence of the victim is not a complete
defense to a charge of negligent homicide, a victim's contributory
negligence is a factor to be considered in determining whether the
defendant's negligence, if any, caused the victim's death.

Reversed and remanded for further proceedings.

HOMICIDE — NEGLIGENT HOMICIDE — EVIDENCE OF VICTIM'S CONTRIBUTORY
NEGLIGENCE.

The negligence of an alleged victim of negligent homicide, while not a
complete defense to a charge of negligent homicide, may be con-
sidered in determining whether the defendant's negligence caused
the victim's death; evidence of an alleged victim's illicit drug use or
failure to wear a seat belt may be relevant to the determination
whether the defendant's conduct caused the victim's death (MCL
750.324).

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *David G. Gorcyca*, Pros-

ecuting Attorney, and *Joyce F. Todd,* Assistant Prosecuting Attorney, for the people.

*Timothy S. Groustra,* for the defendant.

Before: NEFF, P.J., and HOLBROOK, JR., and JANSEN, JJ.

PER CURIAM. In this interlocutory appeal, defendant appeals by leave granted from an order of the trial court excluding certain evidence that she wishes to introduce at trial. We reverse and remand.

Defendant is charged with negligent homicide, MCL 750.324, arising out of a fatal motor vehicle collision that occurred on June 30, 1997, at approximately 7:30 A.M. in Auburn Hills. The evidence from the preliminary examination indicates that defendant, who was driving a tractor-trailer, was turning right onto eastbound Walton Road from a parking lot. According to an eyewitness, defendant had pulled out onto Walton and the truck was in the right lane and about one-third of the right center lane, but could not complete the right turn because of traffic stopped at a red light in front of the truck. The eyewitness, who was directly behind the truck in the right lane, noticed a vehicle (a Grand Prix) driving in the right center lane and it struck the front of the truck. The Grand Prix, driven by the decedent, Michael Williams, then crossed several lanes of traffic and into the two westbound lanes. The Grand Prix hit a van head on, and Williams was killed. According to the eyewitness, defendant's truck was either stopped or moving very slowly when it was struck by the Grand Prix. Further, defendant's accident reconstruction expert believed that the Grand Prix was traveling at about twenty-five miles an hour.

Following the preliminary examination, the district court concluded that there was sufficient evidence presented to create a question for a jury regarding whether defendant was guilty of ordinary negligence resulting in Williams' death. The prosecutor subsequently moved in limine to exclude evidence that Williams was not wearing his seat belt and had marijuana in his blood at the time of the collision. The motion was heard by Judge J. Phillip Jourdan, and he denied the prosecutor's motion regarding the nonuse of the seatbelt, but granted the motion regarding the use of marijuana. The prosecutor subsequently moved for reconsideration after the case was reassigned to Judge Colleen A. O'Brien. Judge O'Brien found that the seat belt evidence was irrelevant and excluded it and also found that evidence of marijuana in Williams' blood was more prejudicial than probative and excluded that evidence as well.

The decision whether to admit evidence is within the trial court's discretion and will be reversed only where there is an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). Generally, all relevant evidence is admissible, while irrelevant evidence is not admissible. MRE 402. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403.

We first find that the trial court abused its discretion in finding that the failure of the decedent to wear a seat belt at the time of the collision was irrelevant. As our Supreme Court held in *People v Tims*, 449

Mich 83, 97; 534 NW2d 675 (1995), the negligence of the victim is not a complete defense to negligent homicide; however, a victim's contributory negligence is a factor to consider in determining whether the defendant's negligence caused the victim's death. See also CJI2d 16.20. Regarding causation, an essential element of negligent homicide, the Court in *Tims, supra,* p 95, stated:

> The common-law causation element is comprised of two components, cause-in-fact or proximate/legal cause. In order to convict a defendant of a criminal negligence offense, the prosecutor must prove beyond a reasonable doubt that the defendant's conduct was a factual cause of the fatal accident. . . .
>
> Although a cause-in-fact relationship is often sufficient, cases arise in which the death is so remote from the defendant's conduct that it would be unjust to permit conviction. In such a case, the question for the jury is whether the defendant's conduct was the proximate or legal cause of the decedent's death. See, e.g., *People v Barnes,* 182 Mich 179, 198; 148 NW 400 (1914).

The issue of the admissibility of seat belt use in negligent homicide cases has been addressed by this Court in *People v Burt,* 173 Mich App 332; 433 NW2d 366 (1988), *People v Clark,* 171 Mich App 656; 431 NW2d 88 (1988), and *People v Richardson,* 170 Mich App 470; 428 NW2d 698 (1988). In *Burt, supra,* this Court held that evidence that the decedent failed to wear his seat belt had to be excluded where the defendant had failed to yield the right of way at a stop sign and his vehicle had collided with the decedent's vehicle. This Court distinguished cases concerning whether the conduct of the victim or a third party caused an accident and stated that the decedent's failure to wear a seat belt did not cause the

*accident.* The Court further stated that the decedent's failure to wear a seat belt was irrelevant to the determination whether the defendant was guilty of criminal conduct. See *Burt, supra,* pp 333-334.

In *Clark, supra,* p 661, this Court, in holding that the trial court did not abuse its discretion in excluding evidence that the decedent was not wearing a seat belt at the time of the accident, relied heavily on the statute regulating seat belt usage[1] and stated:

> Therefore, the failure to wear a seat belt is not so substantial an act by a victim as to constitute an intervening cause which absolves a defendant from liability for negligent homicide. While evidence of the victim's failure to use a seat belt may be highly relevant in a civil case, the duty placed on drivers by the Legislature to wear seat belts is only slight. By the plain language of the statute itself, the nonuse of a seat belt is not a substantial cause of a person's death in a traffic accident. Had the victim been using his van for commercial purposes, he would not have violated the statute by not wearing a seat belt and defendant would have no argument about liability. MCL 257.710e(1)(g); MSA 9.2410(5)(1)(g). It is, therefore, irrelevant in establishing the element of proximate cause in a prosecution of a defendant for the offense of negligent homicide.

*Clark* also involved a two-vehicle situation where the defendant drove a truck through a red light and struck the decedent's vehicle, which was proceeding through a green light. No other vehicles were involved.

In *Richardson, supra,* p 472, this Court first noted that while a decedent's contributory negligence is not a defense to a charge of negligent homicide, the decedent's negligence may be considered by the jury

---

[1] MCL 257.710e.

because it might bear on the question of the defendant's negligence or proximate cause. This Court agreed that the failure of the victim to wear a seat belt is not a *defense* to vehicular homicide and held that "evidence of the decedent's failure to wear his seat belt was not relevant to the criminal conduct of defendant [and] was properly excluded." *Id.*, p 473. The case in *Richardson* similarly involved a two-vehicle accident where the defendant's vehicle crossed the centerline of a highway and struck the decedent's truck.

We do not believe that the *Burt-Clark-Richardson* line of cases compels the exclusion of the decedent's failure to wear his seat belt in this case. First, those cases are factually distinguishable because they involved two-vehicle accidents, and the present case involves the decedent's vehicle striking defendant's truck and again striking another vehicle head on. Further, the statute regarding seat belt usage has undergone major revisions over the past decade and seat belt usage has become mandatory in this state. See MCL 257.710e. Moreover, this case is not about whether the decedent's failure to use the seat belt caused the accident, cf. *Burt, supra,* p 333, but is about whether defendant's alleged negligence caused the decedent's death.

We follow our Supreme Court's more recent pronouncements in *Tims* concerning the acts of the victim and third parties in negligent homicide cases. In *Tims, supra,* p 97, the Court held that "although a victim's contributory negligence is a factor to consider in determining whether the defendant's negligence caused the victim's death, it is not a defense." Further, "the negligent act of a third party is not a

defense, but is only one factor to be considered in ascertaining whether the defendant's negligence caused the victim's death." *Id.*, p 99. As aptly stated by defendant in her reply brief on appeal, the evidence of the decedent's failure to wear his seat belt is directly relevant to whether defendant's conduct, even assuming it was negligent, was a substantial cause of the accident resulting in Williams' death.[2] In fact, defendant states that two of her expert witnesses will testify that the decedent would not have died had he been wearing his seat belt and one expert will testify that the decedent's loss of control of his vehicle after it struck defendant's truck was caused by the failure to wear a seat belt because the decedent was thrown in his vehicle and struck his head on the window. Consequently, such evidence is clearly relevant to whether the decedent's death was the natural and necessary result of defendant's act. CJI2d 16.15.

Accordingly, we hold that evidence of the decedent's failure to wear his seat belt at the time of the accident, while not a defense to negligent homicide, is a factor for the jury to consider in determining whether the defendant's negligence, should the jury even find negligent conduct on the part of defendant, caused the victim's death. We believe that this evidence is clearly relevant regarding causation in the

---

[2] We note that the relevant jury instructions, CJI2d 16.14, 16.15, and 16.20, have been revised in light of *Tims* and require the trial court to instruct the jury that defendant's negligence was a substantial cause of the accident resulting in injuries to the decedent, that the death was the natural or necessary result of defendant's act beyond a reasonable doubt, and that if the jury finds that the decedent was negligent, then it may consider that negligence in deciding whether defendant's conduct was a substantial cause of the accident.

present case, especially under the circumstances where the decedent's vehicle struck the front of defendant's truck and the decedent apparently lost control of his vehicle, which crossed several lanes of traffic and hit head on a van coming in the opposite direction. See *People v Bailey*, 451 Mich 657, 677; 549 NW2d 325 (1996) (where an independent act of a third party intervenes between the act of a defendant and the harm to the victim, that act can serve to cut off the defendant's criminal liability where the intervening act is the sole cause of harm). Consequently, the trial court abused its discretion in granting the prosecutor's motion in limine to exclude evidence that the decedent was not wearing his seat belt at the time of the accident.

We also find that the trial court abused its discretion in excluding evidence that the decedent had marijuana in his blood at the time of the accident. As has been stated, while the decedent's contributory negligence is not a defense to a charge of negligent homicide, it is a factor to consider in determining whether the defendant's negligence caused the decedent's death. *Tims, supra*, p 99.

In *People v Phillips*, 131 Mich App 486, 492-493; 346 NW2d 344 (1984), this Court found that the victim's use of marijuana earlier in the day was irrelevant to determining whether the defendant's negligence caused the victim's death, but explained as follows:

> We agree that, in cases such as the present one, a victim's negligent operation of a bicycle is relevant to causation and that a victim's marijuana use prior to the accident would ordinarily be relevant to whether the victim was able to operate the bicycle with due care. However, in the instant case, as the trial judge noted, there was no testimony indi-

cating the strength of the marijuana allegedly ingested by the victim. Nor was there any testimony as to the amount of the active ingredient of marijuana in the victim's bloodstream or testimony indicating that the victim showed signs of intoxication. Without these pieces of information, the jury would have been, as was the toxicologist, unable to make an accurate assessment of whether the victim was intoxicated from marijuana use and whether his ability to operate the bicycle was impaired. Thus, the proffered testimony relating to marijuana use had little probative value on the question of whether the decedent operated his bicycle with due care.

In the present case, unlike in *Phillips*, defendant is able to produce blood tests showing the presence of marijuana in the decedent's bloodstream and urine. Further, defendant is able to produce expert testimony stating that the presence of the by-products of marijuana in both the decedent's blood and urine indicates that the by-products were also in the decedent's brain, and, therefore, that the decedent was impaired at the time of the accident. Further, testimony at the preliminary examination suggests that the decedent's driving may have been impaired because one eyewitness testified that the decedent's vehicle was traveling too fast to avoid hitting the truck, a rather large and obvious obstacle.

Accordingly, we reverse the trial court's order granting the prosecutor's motion to exclude evidence of the decedent's failure to wear a seat belt and use of marijuana at the time of the accident. Both facts are clearly relevant in this case and may be considered by the jury in its determination whether the defendant's negligence, if any, caused the decedent's death.

Reversed and remanded for further proceedings. Jurisdiction is not retained.