# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 16, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137268

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

MATTHEW JOSEPH SOARES,
      Defendant-Appellee.

SC: 137268
COA: 273333
Lapeer CC: 05-008462-FH

_____/

On order of the Court, the application for leave to appeal the July 24, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Defendant disregarded a stop sign while legally intoxicated and killed the victim, in violation of MCL 257.625(4). The victim also had "any amount" of THC, the active ingredient in marijuana, in his blood, in violation of MCL 257.625(8). The trial court refused to allow any evidence showing the victim's THC level, and defendant was ultimately convicted of driving while intoxicated causing death, MCL 257.625(4). The Court of Appeals reversed this conviction and ordered a new trial, stating that defendant was entitled to introduce evidence concerning the victim's THC level. Although I agree that such evidence was admissible, because I am concerned that our caselaw now suggests that the presence of a controlled substance in the blood of a *victim* may require that a legally intoxicated *defendant* be acquitted as a matter of law, I would grant leave to appeal to review this caselaw.

This Court has held that a defendant may use evidence of a victim's negligence to determine if defendant was the proximate cause of the victim's death. *People v Tims*, 449 Mich 83, 97 (1995). More specifically, if an "intervening act by the victim or a third party was not reasonably foreseeable — e.g., gross negligence or intentional misconduct[,]" then defendant generally is not considered to be the proximate cause of

the victim's death. *People v Schaefer*, 473 Mich 418, 437-438 (2005). Additionally, the presence of THC in a victim's system, at the time of the accident, is a proper factor to consider in determining if the defendant caused the death. *People v Moore*, 246 Mich App 172, 179-180 (2001). However, in *People v Lardie*, 452 Mich 231 (1996), this Court examined a situation in which a driver drank alcohol and smoked marijuana before driving and, as a result, killed three passengers after crashing into a tree, in violation of MCL 257.625(1),(4), and (8). *Lardie* stated that "the Legislature essentially has presumed that driving while intoxicated is gross negligence as a matter of law." *Lardie*, *supra* at 251. If *Lardie's* irrebuttable presumption of gross negligence applies to all drivers involved in a multiple vehicle accident, including victims who violate MCL 257.625, then a defendant would likely avoid a conviction for killing a victim who is also intoxicated, or who has "any amount" of a schedule 1 controlled substance in his system because the defendant will not be the legal cause of death.

To more fully illustrate, consider the following: a victim, who is either intoxicated or has "any amount" of a schedule 1 controlled substance in his system, has properly stopped at a stop sign. While stopped, the defendant, an intoxicated driver, crashes into the stopped victim. Applying *Lardie*'s irrebuttable presumption of gross negligence to the *victim*, the defendant's actions will not be deemed the proximate cause of death and the defendant must be acquitted as a matter of law. This interpretation at least poses significant problems for prosecutions of operating a motor vehicle while under the influence of liquor or a controlled substance throughout this state by enabling intoxicated defendants who have caused death to avoid sanction under MCL 257.625(4) because the victim showed a similar disregard for the lives of others.

Because of these consequences, I would grant leave to appeal to consider whether *Lardie*'s irrebuttable presumption of gross negligence: (a) is limited to the driver causing death in violation of MCL 257.625(4) in a multiple driver situation; and (b) is limited to only "intoxicated" drivers as defined in MCL 257.625(1) or is also applicable to any driver who violates MCL 257.625(8) by operating a motor vehicle with "any amount" of a schedule 1 controlled substance in his system at the time of the accident.

HATHAWAY, J., not participating. To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 16, 2009

*Corbin R. Davis*
Clerk