Markman, J.
(dissenting). Defendant disregarded a stop sign while legally intoxicated and killed the victim, in violation of MCL 257.625(4). The victim also had “any amount” of THC, the active ingredient in marijuana, in his blood, in violation of MCL 257.625(8). The trial court refused to allow any evidence showing the victim’s THC level, and defendant was ultimately convicted of driving while intoxicated causing death, MCL 257.625(4). The Court of Appeals reversed this conviction and ordered a new trial, stating that defendant was entitled to introduce evidence concerning the victim’s THC level. Although I agree that such evidence was admissible, because I am concerned that our caselaw now suggests that the presence of a controlled substance in the blood of a victim may require that a legally intoxicated defendant he acquitted as a matter of law, I would grant leave to appeal to review this caselaw.
*875 This Court has held that a defendant may use evidence of a victim’s negligence to determine if defendant was the proximate cause of the victim’s death. People v Tims, 449 Mich 83, 97 (1995). More specifically, if an “intervening act by the victim or a third party was not reasonably foreseeable — e.g., gross negligence or intentional misconduct[,]” then defendant generally is not considered to be the proximate cause of the victim’s death. People v Schaefer, 473 Mich 418, 437-438 (2005). Additionally, the presence of THC in a victim’s system at the time of the accident is a proper factor to consider in determining if the defendant caused the death. People v Moore, 246 Mich App 172, 179-180 (2001). However, in People v Lardie, 452 Mich 231 (1996), this Court examined a situation in which a driver drank alcohol and smoked marijuana before driving and, as a result, killed three passengers after crashing into a tree, in violation of MCL 257.625(1), (4), and (8). Lardie stated that “the Legislature essentially has presumed that driving while intoxicated is gross negligence as a matter of law.” Lardie, supra at 251. If Lardie’s irrebuttable presumption of gross negligence applies to all drivers involved in a multiple vehicle accident, including victims who violate MCL 257.625, then a defendant would likely avoid a conviction for killing a victim who is also intoxicated, or who has “any amount” of a schedule 1 controlled substance in his system, because the defendant will not be the legal cause of death.
To more fully illustrate, consider the following: a victim, who is either intoxicated or has “any amount” of a schedule 1 controlled substance in his system, has properly stopped at a stop sign. While stopped, the defendant, an intoxicated driver, crashes into the stopped victim. Applying Lardie’s irrebuttable presumption of gross negligence to the victim, the defendant’s actions will not be deemed the proximate cause of death and the defendant must be acquitted as a matter of law. This interpretation at least poses significant problems for prosecutions of operating a motor vehicle while under the influence of liquor or a controlled substance throughout this state by enabling intoxicated defendants who have caused death to avoid sanction under MCL 257.625(4) because the victim showed a similar disregard for the lives of others.
Because of these consequences, I would grant leave to appeal to consider whether Lardie’s irrebuttable presumption of gross negligence: (a) is limited to the driver causing death in violation of MCL 257.625(4) in a multiple driver situation; and (b) is limited to only “intoxicated” drivers as defined in MCL 257.625(1) or is also applicable to any driver who violates MCL 257.625(8) by operating a motor vehicle with “any amount” of a schedule 1 controlled substance in his system at the time of the accident.
Hathaway, J.
(not participating). To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.