*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MYAH MAREA BATTS,

        Defendant-Appellant.

UNPUBLISHED
June 20, 2019

No. 340032
Wayne Circuit Court
LC No. 17-002265-01-FC

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

## I. FACTS AND PROCEDURAL HISTORY

Defendant appeals as of right her jury trial convictions of second-degree murder, MCL 750.317, operating a motor vehicle while intoxicated (OWI) causing death, MCL 257.625(4), driving a motor vehicle without a valid license (DWLS) causing death, MCL 257.904(4), and reckless driving causing death, MCL 257.626(4). She was sentenced to 27 to 50 years' imprisonment for the second-degree murder conviction, and 10 to 15 years' imprisonment for each of the remaining convictions. We affirm.

This case arises out of the traffic death of Rodrick Motley. At approximately 2:00 p.m. on February 7, 2017, US Customs and Border Protection Officer Bryan Matthew Piche was on Gratiot in Detroit when a Ford Fusion driven by defendant collided with the rear passenger side of his Ford Escape.

Rather than pull over to exchange information, defendant turned in the opposite direction and proceeded onto eastbound I-94. Officer Piche followed, and stayed 5 to 10 car lengths behind until he was able to pull alongside the Fusion to display his badge. It was raining at the time, and defendant had a female passenger in her vehicle.

Eventually, defendant exited I-94 toward Newport Street, with Officer Piche still behind, accelerated to almost 70 miles per hour in the 25-mph residential zone, ignored a stop sign, and pumped her brakes slightly before colliding with the FedEx van driven by Motley. He was ejected from the van and pinned underneath before dying from his extensive injuries.

Defendant's blood was tested at the hospital later that afternoon, and her blood alcohol content (BAC) was 0.159%, almost twice the legal limit of 0.08%. She also had 11-carboxy-tetrahydrocannabinol (THC) in her system, and no valid driver's license.

After trial, defendant filed a motion asserting entitlement to a new trial or, in the alternative, a *Ginther*[1] hearing, on the basis of ineffective assistance of counsel. Ultimately, the trial court denied both defendant's motion for a new trial and request for a *Ginther* hearing, reasoning that she failed to demonstrate that resolution of her arguments required additional development of the record, or that defense counsel's performance fell below an objective standard of reasonableness.

## II. ANALYSIS

### A. DEFENSE COUNSEL'S BRIEF ON APPEAL

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that the trial court abused its discretion when it denied her motion for a new trial or that, at the very least, she is entitled to remand for a *Ginther* hearing. Specifically, defendant asserts that defense counsel performed ineffectively when he failed to call as a witness "the passenger" of her vehicle, obtain call logs to demonstrate that she called 911 while being followed by Officer Piche, produce a certified copy of a US Customs Directive for admission into evidence, and adequately prepare for trial.

To preserve an ineffective assistance of counsel argument, a defendant must file a motion for a new trial or *Ginther* hearing in the trial court to establish evidence supporting the argument. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Although defendant preserved this issue by raising the above ineffective assistance arguments in her motion for a new trial, the trial court denied the motion. Thus, our review is limited to the appellate record. *Id*.

"Whether defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Muhammad*, 326 Mich App 40, 63; ___ NW2d ___ (2018). "A trial court's findings of fact, if any, are reviewed for clear error, while constitutional issues are reviewed de novo." *Id*. On the other hand, a trial court's decision to deny a motion for a new trial is reviewed for an abuse of discretion. *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012). "An abuse of discretion occurs when the trial court renders a decision falling outside the range of principled decisions." *Id*.

The trial court did not abuse its discretion when it denied defendant's motion for a new trial. "To establish ineffective assistance of counsel, a defendant must show that (1) counsel rendered assistance that fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

unprofessional errors, the result of the proceeding would have been different." *Muhammad*, 326 Mich App at 63 (quotation marks, citation, and brackets omitted). "Furthermore, because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim," *id*. (quotation marks, citation, and brackets omitted), and must "overcome the presumption that counsel employed effective trial strategy," *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant failed to do either. In support of her argument that defense counsel performed ineffectively by not calling the passenger as a witness at trial, she presented only her own speculative affidavit, which failed to even identify the passenger's name, and provided no further offer of proof as to what, specifically, "the passenger" would have testified. Nor did she indicate whether defense counsel spoke with the passenger but declined to produce her as a witness, or did not speak with her at all. Accordingly, defendant failed to overcome the presumption that defense counsel employed effective strategy by not calling the passenger as a witness, and is not entitled to a new trial on that basis.

The same is true with regard to her assertions that defense counsel performed ineffectively by failing to obtain her cell phone and 911 call records, and to adequately prepare for trial. In her affidavit—again, her only offer of proof—she did identify what witnesses or evidence defense counsel should or would have discovered with proper preparation, or how each would have contributed to her defense, how his allegedly inadequate representation prejudiced her case, or whether she would have changed her decision to waive her right to testify had defense counsel provided additional direction.[2] Further, beyond the general assertions in the affidavit, she made no offer of proof regarding what she may have said during her 911 calls or that she even made those calls. Therefore, defendant failed to establish the factual predicate for her argument or overcome the presumption that defense counsel made the decisions he did as a matter of trial strategy.

Finally, defendant's argument that defense counsel was ineffective for failing to present a certified copy of the US Customs Directive, which supposedly prohibits an officer of Piche's nature from conducting a traffic pursuit, lacks merit. Officer Piche testified as to what the document said, confirmed that he was not trained in traffic pursuits, and admitted that he was told by the 911 operator he spoke with to cease following defendant. In other words, the jury was presented with the information defense counsel hoped to illicit from presentation of the Directive, and still convicted defendant of second-degree murder. Accordingly, on this basis, defendant failed to demonstrate either that defense counsel's performance fell below an objective standard of reasonableness or that, but for any error, there is a reasonable probability that the result of her trial would have been different.

---

[2] Furthermore, defendant knowingly and voluntarily waived her right to testify at trial after extensive questioning by the trial court.

Moreover, defendant has not established entitlement to remand for a *Ginther* hearing. For the same reasons discussed above, she has failed to demonstrate that further development of the factual record is required before this Court fully considers her arguments. *People v Williams*, 275 Mich App 194, 200; 737 NW2d 797 (2007); MCR 7.211(C)(1)(a).

## 2. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the trial court presented insufficient evidence of malice to support her conviction of second-degree murder, an issue we review de novo. *People v Harrison*, 283 Mich App 374, 377; 768 NW2d 98 (2009). The evidence must be viewed in the light most favorable to the prosecution to "determine whether a rational trier of fact could find that the essential elements of the crimes were proven beyond a reasonable doubt." *Id*. at 377-378.

"The elements of second-degree murder are '(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse.' " *People v Werner*, 254 Mich App 528, 531; 659 NW2d 688 (2002), quoting *People v Goecke*, 457 Mich 442, 463-464; 579 NW2d 868 (1998) (quotation marks and citations omitted). Malice includes "the intent to kill, the intent to cause great bodily harm, [and] the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Werner*, 254 Mich App at 531 (quotation marks and citation omitted). Thus, the prosecution need not prove that a defendant actually intended to kill or to harm someone. "Instead, the prosecution must prove the intent to do an act that is in obvious disregard of life-endangering consequences." *Id*. (quotation marks and citations omitted). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015) (quotation marks and citation omitted; alteration in original).

In *Goecke*, 457 Mich at 471-472, which involved three cases consolidated for appeal, the Supreme Court held that sufficient evidence of malice existed to support one of the defendants' convictions for second-degree murder where "[t]estimony established that the defendant lived within one mile of the scene of the accident, had a [BAC] of 0.18 percent, drove well in excess of the speed limit, ran a red stoplight, drove through an intersection at a time when he could have seen at least three vehicles properly traveling through the intersection, narrowly missed hitting two cars before hitting the victims' car, and killed two people." Further, the Court reasoned that from evidence a heavily-intoxicated defendant caused minor collisions just prior to a fatal collision, it could be inferred that the defendant was on notice he or she should not be driving. *Id*. at 472.

Similarly, from the evidence produced at trial that defendant, with a BAC nearly twice the legal limit and THC in her system, caused a minor accident from which she fled before driving almost 70 mph through a residential intersection in the rain, ignoring a stop sign, and hitting Motley's FedEx van, a reasonable jury could infer that she possessed the intent "to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Werner*, 254 Mich App at 531. Thus, viewing the

-4-

evidence in the light most favorable to the prosecution, the prosecution presented sufficient evidence of malice for a reasonable jury to convict defendant of second-degree murder.

### 3. EVIDENTIARY ERROR

Third, defendant argues that the trial court abused its discretion by granting the prosecution's pretrial motion in limine to exclude evidence that Motley was not wearing a seat belt at the time of the collision.

"This Court reviews a trial court's evidentiary ruling for an abuse of discretion." *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). A court abuses its discretion when it "reaches a result that is outside the range of principled outcomes." *Id*.

> If an error is found, defendant has the burden of establishing that, more probably than not, a miscarriage of justice occurred because of the error. No reversal is required for a preserved, nonconstitutional error unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative. [*People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001) (quotation marks and citations omitted).]

In *Werner*, 254 Mich App at 541-543, this Court held that "evidence of [a] decedent's failure to use a seat belt would be relevant [in a second-degree murder case] only where the defendant could show that the failure was the sole cause of harm to the decedent." In so doing, it distinguished *People v Moore*, 246 Mich App 172; 631 NW2d 799 (2001), in which "this Court held that a defendant in a negligent homicide case could introduce evidence that the decedent was not using a seat belt at the time of the accident, provided the evidence was used only for the issue of causation, and not as a defense to criminal conduct." *Werner*, 254 Mich App at 541. The *Werner* Court reasoned that the holding in *Moore* was inapplicable to the circumstances at issue because the decedent's death in *Moore* was remote from the defendant's conduct, and in contrast to negligent homicide, second-degree murder does not require proof that the defendant's conduct was a substantial cause of the victim's death. *Id*. at 542-543.

The holding in *Werner* applies here. Motley's death was not at all remote from defendant's conduct. Again, she drove at high speeds through a residential zone, in wet conditions, while intoxicated, and struck Motley's FedEx van, resulting in his death. Further, defendant has offered no evidence that Motley's failure to wear a seat belt was the sole cause of his death. Instead, defendant asserts only that such evidence would have been relevant to the court's instruction regarding involuntary manslaughter, and provides no actual argument at all as to how, had seat belt evidence been admitted at trial, she would likely have been convicted of involuntary manslaughter rather than second-degree murder. Accordingly, we decline to consider the argument and hold that the trial court did not abuse its discretion by granting the prosecution's motion in limine. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give only cursory treatment with little or no citation of supporting authority." *Payne*, 285 Mich App at 195 (quotation marks and citation omitted).

## B. DEFENDANT'S STANDARD 4 BRIEF

### 1. MOTION FOR DIRECTED VERDICT

We now address the arguments raised in defendant's Standard 4 brief. First, defendant asserts that the trial court erred when it denied her motion for directed verdict because the prosecution presented insufficient evidence of malice to support a conviction of second-degree murder.

For the same reasons described above, the prosecution presented sufficient evidence of malice for a reasonable jury to convict defendant of second-degree murder. Thus, the trial court did not err when it denied her motion for directed verdict. *People v Schrauben*, 314 Mich App 181, 198; 886 NW2d 173 (2016).

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL – JURY INSTRUCTIONS

We likewise reject defendant's argument that defense counsel was ineffective for failing to request a jury instruction regarding intervening and superseding causation for the offenses of OWI causing death, DWLS causing death, and reckless driving causing death. Specifically, she argues that Officer Piche's actions amounted to gross negligence and superseded her conduct as the proximate cause of Motley's death.

It is clear from defense counsel's closing argument that his trial strategy was to acknowledge defendant's wrongdoing by admitting guilt for the three driving offenses listed above, in an effort to emphasize that she lacked the malice necessary to be convicted of second-degree murder. And both the law and the evidence support that strategy.[3]

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). Jury instructions must include not only the elements of the offenses charged but also "any material issues, defenses, and theories that are supported by the evidence." *People v Fennell*, 260 Mich App 261, 265; 677 NW2d 66 (2004). "Even if the instructions are somewhat imperfect, reversal is not required if the instructions fairly presented the issues to be tried and were sufficient to protect the rights of the defendant." *Id*.

Defendant asserts that beyond instructing the jury regarding factual and proximate cause, which the trial court did, it should have provided an instruction regarding intervening and superseding cause because the chase by Officer Piche broke the causal link between her conduct

---

[3] "[W]here the evidence obviously points to defendant's guilt, it can be better tactically to admit guilt and assert a defense or to admit guilt on some charges but maintain innocence on others." *People v Matuszak*, 263 Mich App 42, 60-61; 687 NW2d 342 (2004). Further, "[t]his Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017), (quotation marks and citation omitted).

and Motley's death.[4]  Causation is an issue for the trier of fact.  See *People v Feezel*, 486 Mich 184, 200-201; 783 NW2d 67 (2010).  "In criminal jurisprudence, the causation element of an offense is generally comprised of two components: factual cause and proximate cause." *People v Schaefer*, 473 Mich 418, 435; 703 NW2d 774 (2005).  Conduct is a factual cause of an injury if, but for that conduct, the injury would not have occurred.  *Id*. at 435-436.

> For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a direct and natural result of the defendant's actions.  In making this determination, it is necessary to examine whether there was an intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken.  [*Id*. at 436-437 (quotation marks and citations omitted).]

The record contains no evidence, beyond Officer Piche's testimony that he followed defendant after she collided with his Ford Escape, that defendant drove the way she did because she felt she was being chased and was in danger.  Instead, the evidence demonstrates that, while heavily intoxicated, she caused an accident from which she fled, exited I-94 at an excessive rate of speed into a 25-mph residential zone in inclement weather, disregarded a stop sign, and hit Motley's FedEx van.  Further, Officer Piche testified that with the exception of pulling up next to her vehicle to display his badge, he remained 5 to 10 car lengths behind and did not unholster his weapon until after the fatal collision.  Thus, the evidence did not support an instruction regarding intervening and superseding cause as, on the basis of the evidence presented, Motley's death was a direct and natural result of defendant's actions.

Moreover, Officer Piche's conduct cannot be considered an intervening and superseding cause of Motley's death.  Rather than pull over and exchange information after her initial collision with Officer Piche, defendant fled the scene and engaged in the conduct described above.  These extremely reckless actions occurred immediately following that first accident, and continued for a significant length of time after Officer Piche began following her.  In other words, defendant had substantial time to consider her actions, even if fearful of Officer Piche, and chose to act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.  *Werner*, 254 Mich App at 531.  Accordingly, we hold that Officer Piche's conduct—following defendant—did not break the causal link between defendant's actions and Motley's death.

### 3. SENTENCING ERROR

Third, defendant argues that the trial court erred when it sentenced her beyond her sentencing guidelines range, and that the sentence is disproportionate.  Defendant is, however, mistaken.

---

[4] Defendant does not cite to a specific instruction or provide the language she would have liked the trial court to use.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks and citation omitted). The relevant question when reviewing a sentence for reasonableness is whether the trial court committed an abuse of discretion by violating the principle of proportionality. *Id*.

Defendant's recommended sentencing guidelines range was 225 to 375 months' imprisonment, and her minimum sentence of 27 years for second-degree murder fell within this recommended range. Thus, defendant mistakenly asserts that her sentence is an upward departure from the sentencing guidelines range. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196. Defendant alleges no scoring error, and does not challenge the accuracy of her sentencing guidelines range. Accordingly, her argument fails.

4. INSTRUCTIONAL ERROR

Finally, defendant's argument that she was denied due process because the trial court failed to instruct the jury in detail on factual and proximate cause lacks merit. Defense counsel explicitly approved of the jury instructions as given by the trial court, waiving the issue for appellate review. See *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). And as defendant admits in her brief, the trial court did instruct the jury regarding factual and proximate cause for each of the driving offenses charged.

Furthermore, defendant's additional arguments, both unrelated to the assertion of instructional error raised in the question presented, fail. As discussed above, Officer Piche's conduct was not an intervening cause in Motley's death, and the trial court did not abuse its discretion when it granted the prosecution's motion in limine to exclude evidence that Motley was not wearing a seat belt at the time of the collision.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro