*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSHUA DAVID MATTHEWS,

        Defendant-Appellant.

UNPUBLISHED
January 22, 2025
10:28 AM

No. 369551
Lenawee Circuit Court
LC No. 2023-021254-FH

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of reckless driving causing death, MCL 257.626(4), lying to a peace officer, MCL 750.479c(2)(c), and involuntary manslaughter, MCL 750.321. The trial court sentenced defendant to concurrent prison terms of 5 to 15 years for the reckless driving causing death conviction, 5 to 15 years for the involuntary manslaughter conviction, and 16 months to 2 years for the lying to a peace officer conviction. Although we find no merit to defendant's claims of error, and thus affirm in that regard, we nonetheless remand this case for further proceedings in light of the Michigan Supreme Court's recent decision in *People v Fredell*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 164098) (*Fredell II*).

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On December 7, 2020, defendant was driving a truck in Adrian; Briana Hill, Ernest Conway, and Ashley Schoepflin were riding with him. Defendant and Hill, who were dating at the time, began arguing about defendant's interactions with other women. Conway testified that defendant pulled the truck over at one point and Hill got out to calm down. She then got back into the truck and defendant resumed driving. Hill and defendant continued to argue.

Several different versions of what occurred next were presented at trial. Conway testified that defendant threw Hill's phone out of the truck window before he continued driving towards a 7-11 convenience store. Hill asked to be let out of the truck, and defendant refused. She then opened the truck door and got out of the vehicle while it was moving. Schoepflin testified that after defendant threw Hill's phone out of the truck, Hill opened the door while the truck was stopped at a stop sign. She was attempting to get out of the car when defendant took a sudden left

turn, throwing her from the car. Hill's stepfather testified that defendant told him four different versions of the incident: that Hill got out of the truck because defendant was smoking a cigar, that she got out to retrieve a bag that defendant had thrown out of the window, that she chose to get out for no reason, and that she was simply crossing the street as a pedestrian when the next events occurred.

Notwithstanding this differing testimony, it was undisputed that Hill was then struck and killed by a Chevrolet Impala driven by Robert Rothenberger. Defendant told a police officer at the scene that he and Hill had been out for a walk when she was hit.[1] Defendant smelled of liquor and seemed to be intoxicated, but no blood test was performed. The medical examiner testified that Hill had been low to the ground when she was hit, and that her injuries were consistent with Hill having been thrown from a vehicle and then hit by Rothenberger's car, although he stated that Hill's injuries were also consistent with her crouching down to pick something up from the road.

Defendant was convicted and sentenced as described. This appeal followed. Along with his brief on appeal, defendant filed a motion to remand for a *Ginther*[2] hearing regarding his trial counsel's alleged ineffectiveness, which this Court denied without prejudice to our consideration on plenary review.[3]

## II. JURY INSTRUCTIONS

Defendant argues that he was deprived of the due process of law, because the jury instructions, as given, did not properly define the legal concept of causation. More specifically, they did not adequately address superseding cause and contributory negligence. Alternatively, defendant argues that his counsel was ineffective for agreeing to the jury instructions as given. We disagree.

An "affirmative statement that there are no objections to jury instructions constitutes express approval of the instructions, thereby waiving review of any error on appeal." *People v Kowalski*, 489 Mich 488, 505 n 28; 803 NW2d 200 (2011). Defense counsel affirmed that he had reviewed the jury instructions and agreed with them. Defendant has therefore waived any challenge to the jury instructions, except in the context of a claim of ineffective assistance of counsel.

A claim of ineffective assistance of counsel is a mixed question of both fact and constitutional law. *People v Shaw*, 315 Mich App 668, 671; 892 NW2d 15 (2016). We review for clear error a trial court's findings of fact, and we review de novo questions of law. *Id.* A factual finding is clearly erroneous if this Court has a "definite and firm conviction that the trial court made a mistake." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (citation

---

[1] The other occupants of the truck had fled the scene, with Conway testifying that he drove defendant's truck away from the scene of the accident.

[2] *People v Ginther*, 390 Mich 436; 212 NW 2d 922 (1973).

[3] *People v Matthews*, unpublished order of the Court of Appeals, entered September 18, 2024 (Docket No. 369551).

omitted). No evidentiary hearing was held in this case, and accordingly this Court's review is limited to "mistakes apparent on the record." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010).

The constitutions of the United States and the state of Michigan guarantee the assistance of counsel. US Const Am. VI; Const 1963 art 1 § 20. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation omitted). A reasonable probability is one that undermines confidence in the result of the trial. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant must identify specific actions by his counsel that constitute ineffective assistance. *Id*. at 690. The defendant bears the burden of proving any deficiency of counsel. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Counsel is presumed to be effective. *Strickland*, 466 US at 690.

Counsel is given wide discretion in matters of strategy, and it is presumed that counsel's actions are based on a sound strategy. *Id*. at 689-690. "This Court does not second-guess counsel on matters of trial strategy." *People v Traver*, 328 Mich App 418, 422; 937 NW2d 398 (2019). Not requesting certain jury instructions can constitute trial strategy. *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013). However, strategic decisions of counsel still must be objectively reasonable. *Trakhtenberg*, 493 Mich at 52.

Criminal defendants have the right to a properly instructed jury. *People v Ogilvie*, 341 Mich App 28, 34; 989 NW2d 250 (2022). Jury instructions must contain all elements of the crimes and should not exclude material issues or defenses that are supported by evidence. *Id*. at 35. The instructions must clearly present the applicable law. *People v McKinney*, 258 Mich App 157, 162; 670 NW2d 254 (2003). However, reversal is not required even if the instructions were imperfect, so long as they fairly presented the issues and were sufficient to protect the defendant's rights. *People v Fennell*, 260 Mich App 261, 265; 677 NW2d 66 (2004). It is presumed that the jury follows its instructions. *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020). Jury instructions are reviewed in their entirety. *People v Montague*, 338 Mich App 29, 38; 979 NW2d 406 (2021).

Before addressing the additional jury instructions that defendant believes should have been given, we will discuss the pertinent jury instructions as they were given, and the overall concept of causation.

The trier of fact should evaluate causation. See *People v Feezel*, 486 Mich 184, 200-201; 783 NW2d 67 (2010). In the context of a criminal case, causation is comprised of both factual and proximate causation. *People v Czuprynski*, 325 Mich App 449, 461; 926 NW2d 282 (2018). Factual causation exists when a result would not have occurred "but for" the conduct of the defendant. *Id*. A defendant's actions are a proximate cause when the result is a "direct and natural result" of those actions. *People v Schaefer*, 473 Mich 418, 436; 703 NW2d 774 (2005). There may be more than one cause of harm. *People v Crumbley*, 346 Mich App 144, 169; 11 NW3d 576 (2023). A defendant's conduct may cease to be a proximate cause if it is superseded by an unforeseeable act that breaks the causal connection between the defendant's conduct and the harm.

*Schaefer*, 473 Mich at 437. While gross negligence or intentional misconduct of the victim or a third party may be a superseding cause, ordinary negligence is not. *Id*. at 438-439. Although a victim's own negligence is a factor to consider in determining whether the defendant's negligence caused the victim's death, contributory negligence is not a complete defense to negligent homicide. *People v Moore*, 246 Mich App 172, 175; 631 NW2d 779 (2001).

The relevant jury instructions[4] given during trial were as follows:

The Defendant is charged with the crime of Reckless Driving Causing Death to another person. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt;

> First, that Defendant drove a motor vehicle on a highway or other place open to the public or generally accessible to motor vehicles, including any designated parking area.

> Second, that the Defendant drove the motor vehicle in willful or wanton disregard for the safety of persons or property. Willful or wanton disregard means more than simple carelessness, but does not require proof of an intent to cause harm. It means knowingly disregarding the possible risks to the safety of people or property.

> Third, that the Defendant's operation of the vehicle caused the death of Briana Hill. To cause the death, the Defendant's operation of the vehicle must have been a factual cause of death. That is but for the Defendant's operation of the vehicle that would not have occurred. In addition, death must have been a direct and natural result of operating the vehicle.

* * *

The Defendant is charged with the crime of Involuntary Manslaughter. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt;

> First, that the Defendant caused the death of Briana Hill. That is that Briana Hill died as a result of [defendant] driving a motor vehicle.

> Second, in doing the act that caused Briana Hill's death, the Defendant acted in a grossly negligent manner.

> Third, that the Defendant caused the death without lawful excuse or justification. Gross negligence means more than carelessness. It means

---

[4] Defendant does not contest the jury instructions related to the charge of lying to a peace officer.

willfully disregarding the result to others that might follow from an act or failure to act.

In order to find that the Defendant was grossly negligent, you must find each of the following three things beyond a reasonable doubt;

First, that the Defendant knew of the danger to another. That is, he knew there was a situation that required him to take ordinary care to avoid injuring another.

Second, that the Defendant could have avoided injuring another by using ordinary care.

Third, that the Defendant failed to use ordinary care to prevent injuring another when to a reasonable person, it must have been apparent that the result was likely to be serious injury.

These jury instructions clearly presented the elements of reckless driving causing death and involuntary manslaughter. *Ogilvie*, 341 Mich App at 35; *McKinney*, 258 Mich App at 162. The jury was correctly informed that it needed to find that defendant's actions were a factual cause of Hill's death, because the instructions stated that it must find that defendant's actions caused Hill's death. *Czuprynski*, 325 Mich App at 461. The reckless driving causing death instructions further addressed "factual" and "but for" cause and death "as a result" of defendant's actions. While those instructions do not use the words "proximate cause," they correctly state that the jury must find that Hill's death was a "direct and natural result of operating a motor vehicle." *Schaefer*, 473 Mich at 436. Defendant argues that this instruction was insufficient, and that the jury should have been instructed that "death was *the* natural or necessary result" of defendant's actions. But defendant did not have to be the sole cause of Hill's death to be a proximate cause. *Crumbley*, 346 Mich App at 169. The given instructions fairly presented the issue of proximate causation and protected the rights of defendant. *Fennell*, 260 Mich App at 265. Accordingly, defense counsel's failure to request this wording did not fall below an objective standard of reasonableness. *Trakhtenberg*, 493 Mich at 52.

The instructions on involuntary manslaughter did not include the words "proximate cause" or "direct and natural result." However, the jury was instructed that defendant had to be found "grossly negligent." The instructions then defined gross negligence as defendant being aware of a danger, being able to avoid injuring another through reasonable care, and causing an injury that would be apparent to a reasonable person. These instructions are sufficient to inform the jury about the causation requirement for finding defendant guilty, because gross negligence as defined in the instruction includes conduct that resulted in foreseeable injury to another. See *Schaefer*, 473 Mich at 436. It is presumed that the jury followed the given instructions and determined that defendant was grossly negligent, which would have included determining the extent to which Rothenberger's and Hill's conduct contributed to Hill's death. *Zitka*, 335 Mich App at 348. The instructions fairly presented the issue of proximate cause through the definition of gross negligence and protected defendant's rights. *Fennell*, 260 Mich App at 265.

Defendant nonetheless argues that his trial counsel's failure to request specific jury instructions on superseding cause and contributory negligence constituted ineffective assistance of counsel. Specifically, defendant argues that Rothenberger's act of striking Hill with his vehicle was a superseding cause and that Hill was contributorily negligent.

With regard to superseding cause, defendant contends that his counsel should have requested that M Crim J I 16.15 be given. That instruction states:

[There may be more than one cause of death]. Is it not enough that the defendant's act made it possible for the death to occur. In order to find that the death of [*name deceased*] was caused by the defendant, you must find beyond a reasonable doubt that the death was the natural or necessary result of the defendant's act.

In the context of this case, we conclude that this instruction was unnecessary. Indeed, the instruction does not address superseding cause at all, but merely instructs that there may be more than one cause of death, but that a defendant's act must have been a factual and proximate cause. As noted, the jury was properly instructed on those elements. *Fennell*, 260 Mich App at 265.

Moreover, defendant acknowledges that, to be a superseding cause that severs the causal link between a death and a defendant's conduct, the intervening act of a third party must have been intentional or grossly negligent, and thus unforeseeable. In this case, however, there was no evidence that Rothenberger behaved in an unforeseeable manner, as would be needed for his actions to be a superseding cause. *Id*. at 437. The evidence presented at trial showed that Rothenberger was driving on a public road at night, and was unable to swerve in time to avoid hitting something on the road. Two other witnesses testified that they had not initially realized that a person was on the road. There was no evidence that Rothenberger was driving in a grossly negligent manner or that he intentionally hit Hill. Rothenberger's potential ordinary negligence was insufficient to constitute a superseding cause. *Id*. at 438-439. Defendant therefore cannot show that he was prejudiced by defense counsel's failure to request additional instructions on superseding cause, as the outcome of the trial would not have differed. *Trakhtenberg*, 493 Mich at 52.

Defendant also argues that Hill negligently contributed to her death and that his trial counsel was ineffective for failing to request that an instruction similar to M Crim JI 16.20 be given to the jury. We disagree. M Crim JI 16.20 states that if the victim is found negligent, the jury "may only consider that negligence in deciding whether the defendant's conduct was a substantial cause of the accident." This jury instruction explains the relevant law that a victim's potential contributory negligence cannot be used as a complete defense, but only as a factor in determining defendant's negligence. See *Moore*, 246 Mich App at 175. M Crim JI 16.20 is an appropriate instruction if there is evidence that suggests the victim's negligent conduct is relevant to the determination of proximate cause. Cf. *People v Hartuniewicz*, 294 Mich App 237, 249-250; 816 NW2d 442 (2011) (holding that jury instructions on nonessential elements of a possession offense must be supported by evidence on the record).

In this case, it is unclear whether Hill acted negligently. Defendant alone alleged multiple versions of what happened: that Hill was crossing the road, that she got out of the car to get something, and that she got out of the car because he was smoking a cigar. Schoepflin testified

that Hill fell out of the car when defendant abruptly turned. As there was some evidence on the record that Hill had acted negligently, it would have been reasonable for counsel to request the jury instruction on contributory negligence. *Hartuniewicz*, 294 Mich App at 249-250. However, it is presumed that defense counsel's decisions were based on sound trial strategy. *Strickland*, 466 US at 689-690. Defense counsel's decision to not request jury instructions on contributory negligence may have been trial strategy. *Dunigan*, 299 Mich App at 584. In his closing argument, defense counsel argued that defendant had not contributed to Hill's death at all. He stated that defendant would have had to put his car in park for Hill to get out, and that she was killed "[n]ot by anything [defendant] did." He argued that defendant had no duty to prevent Hill from getting out of his car and he could not do anything to stop her. Defense counsel's theory of the case was that defendant had not engaged in any conduct that contributed to the accident. Instructions on contributory negligence could create an association between defendant's actions and the death of Hill that defense counsel was trying to avoid, and thus, counsel could have made the strategic decision to not request the additional instructions. This Court will not second-guess counsel on matters of strategy. *Traver*, 328 Mich App at 422. Defense counsel's failure to request specific jury instructions on contributory negligence was reasonable, *Trakhtenberg*, 493 Mich at 52, despite that fact that it was unsuccessful, *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008).

Additionally, even assuming that defense counsel's failure to request additional jury instructions was unreasonable, defendant has not demonstrated that he was prejudiced. *Trakhtenberg*, 493 Mich at 52. There is not a reasonable probability that the outcome of the trial would have differed had defense counsel requested jury instructions on contributory negligence or superseding cause. For example, the jury would have been instructed that contributory negligence is not a defense, but merely a factor to consider in determining defendant's culpability—yet the jury was not precluded from considering whether Hill's actions contributed to her death when considering whether defendant was a factual and proximate cause of her death. *Moore*, 246 Mich App at 175; see also *Crumbley*, 346 Mich App at 169. There was sufficient evidence presented that defendant's actions were a factual and proximate cause of Hill's death: the jury could have found that defendant was driving while at least somewhat intoxicated, threw Hill's phone from the car, engaged in an argument with Hill that led her to attempt to get out of the truck, and drove in a manner that caused her to fall from the truck while it was moving. There was sufficient evidence presented that defendant's actions were the "direct and natural" cause of Hill's death, regardless of her own possible negligence. *Schaefer*, 473 Mich at 436.

We conclude that the jury was properly instructed. Considering the instructions as a whole, the jury was adequately instructed on the requirement that it find that defendant's actions were a factual and a proximate cause of Hill's death. *People v Montague*, 338 Mich App 29, 38; 979 NW2d 406 (2021). The jury instructions given by the trial court fairly presented the issues and protected defendant's rights. *Fennell*, 260 Mich App at 265. Therefore, it was objectively reasonable for defense counsel not to request further instructions. *Trakhtenberg*, 493 Mich at 52. Additionally, defendant was not prejudiced by the lack of additional instructions. *Schaefer*, 473 Mich at 437-439.

## III. OFFENSE VARIABLE 3

Defendant also argues that he should be resentenced because he was improperly assessed 50 points for Offense Variable (OV) 3. The record shows, however, that defendant was assessed

25, not 50, points for OV 3. Defendant agrees that 25 points was an appropriate score for OV 3. Consequently, no sentencing error occurred.

## IV. DOUBLE JEOPARDY

Defendant did not argue below, and has not argued on appeal, that a double jeopardy violation occurred. Nonetheless, on December 26 2024, our Supreme Court issued *Fredell II*, reversing this Court's opinion in *People v Fredell*, 340 Mich App 221; 985 NW2d 837 (2022) (*Fredell I*), rev'd by *Fredell II*, ___ Mich at ___ (2024). In *Fredell I*, this Court affirmed the defendant's convictions of two counts of involuntary manslaughter and two counts of reckless driving causing death arising out of the deaths of two people in an automobile crash—in other words, each death was the basis of both an involuntary manslaughter and a reckless driving causing death conviction. This Court concluded that the prohibition against double jeopardy was not violated, because each offense contained an element that the other did not. *Id.* at 241. Our Supreme Court reversed, holding that "the *mens rea* elements of involuntary manslaughter and reckless driving causing death are the same," and that a double-jeopardy violation had occurred. *Fredell II*, ___ Mich at ___; slip op at 14. Because the trial court and the parties could not have considered the impact of *Fredell II* on defendant's convictions, we conclude that the appropriate course of action is to remand for further proceedings in light of *Fredell II*. See *People v Woolfolk*, 304 Mich App 450, 475; 848 NW2d 169 (2014) (noting that the Court of Appeals is an error-correcting court). On remand, the parties should be given an opportunity to argue the applicability of *Fredell II* to defendant's convictions; if a double-jeopardy violation is found, the trial court shall determine the appropriate remedy. See *Fredell II*, ___ Mich at ___ n 12; slip op at 14 (discussing methods of correcting a multiple-punishments double jeopardy error).

Affirmed with regard to defendant's claims of error, but remanded for further proceedings regarding the impact of *Fredell II* on defendant's convictions. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young